C. R. SMITH AND C. C. POTTER, EXECUTORS, v. MAHALA F. CAIRNS.

No. 798. Decided June 5, 1899.

1. **Administration—Legacies—Marshaling Assets.**

Where personal property of an estate, which would be the primary fund for the payment of legacies, is applied in administration to the discharge of debts and expenses of administration, so that enough does not remain to pay the legacies, legatees are subrogated to the rights of creditors, and may subject land which has not been devised by the testator, but has descended to the heir. (P. 670.)

2. **Will—Heir—Land—When Subject to Legacies.**

A testator devised his homestead and a legacy in money to his heir, and, after payment of this, provided for legacies to various beneficiaries aggregating $69,000. He left, not specifically disposed of, personal property appraised at $66,000 and real estate appraised at $20,100. Held that, though the personal estate be held not only the primary fund, but prima facie the exclusive fund, from which pecuniary legacies

are to be paid, the will disclosed a purpose of the testator to devote, not only the personal estate, but the land not specifially devised, to the satisfaction of the legacies. (Pp. 672, 673.)

### 3. Same—Construction.

That the devise of the homestead to the heir was given precedence over the payment of the debts and legacies subsquently mentioned, indicated an intention that other lands should be subject to such legacies, since such provision was unavailing to protect the devisee as against creditors, and unnecessary as to legatees unless lands not so devised were considered subject to the payment of their claims. (P. 673.)

### 4. Same.

The fact that the will authorized the executors to sell lands to pay debts and was silent as to its sale to pay legacies, did not negative an intention that lands might be sold on application to the court for the latter purpose. (P. 673.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

M. F. Cairns appealed from an order of the District Court (on appeal from the County Court) directing the executors to sell real estate for payment of certain pecuniary legacies. The Court of Civil Appeals having reversed the judgment, the executors obtained writ of error.

*Potter & Potter*, for plaintiffs in error.—The court erred in holding that the rule of the common law to the effect that real estate is not subject to the payment of legacies except the same be so charged by the terms of the will, is in force in Texas; this rule of the common law having grown out of and being but a corollary of another rule at common law, to wit, that real estate is not subject to the payment of debts, the abolition of the latter rule in Texas carries with it the repeal of all other rules of the common law resting upon it. 3 Pom. Eq. Jur., sec. 1248; Lapham v. Clapp, 10 R. I., 443; Paul v. Ball, 31 Texas, 11.

The court erred in holding that the words "and then as follows, to wit," in the conclusion of item 3, and the words "after the above bequests and expenses are paid in full I give and bequeath as follows," at the beginning of item 4 of the will, are not equivalent to a positive direction on the part of the testator that after the payment of the legacies mentioned in item 3, in the next place, his estate, without reference to real or personal property, shall be appropriated to the payment of these legacies.

The court erred in holding that the testator intended to and did die intestate as to the real estate in Texas, as that construction of the will must be adopted that avoids intestacy if its language is susceptible of that construction. Paul v. Ball, 31 Texas, 11; Bailey v. Bailey, 125 Mich., 185; Mann v. Hyde, 71 Mich., 278; Toms v. Williams, 42 Mich., 552; Marion v. Williams, D. C. Washington Law R., 532; In re Rosa, 60 Hun, 420.

The court erred in holding that the setting aside and exemption from the payment of the general legacies of the property mentioned in item 3 of the will, followed by the creation of the general legacies, and the

failure of the testator to make any other disposition of his property than that mentioned in item 3 of the will, was not a dedication and appropriation of all of his property, both real and personal, to the payment of these legacies.

The court erred in holding that item 19 of the will was an enumeration of the powers of the executors under the will, and that the executors in such item being authorized to sell land to pay debts is an exclusion of their power to sell it to pay legacies. We request the court to consider in connection with this assignment the case of Longacre v. Stiver, supra.

*Matlock, Cowan & Burney,* for defendant in error.—Ordinarily the personal estate is not only the primary fund but prima facie the exclusive fund from which pecuniary legacies are to be paid, and they are not charges upon the real estate unless the testator so directs, either expressly or by necessary implication. Arnold v. Dean, 61 Texas, 249; Brill v. Wright, 8 Am. St. Rep., 717 and notes, 112 N. Y., 129; Davidson v. Coon, 9 Law. Rep. Ann., 584, and notes; 3 Jarm. on Wills, 444, note 2; 13 Am. and Eng. Enc. of Law, 110, 111; Thomas v. Rector, 23 W. Va., 26; Hoyt v. Hoyt, 85 N. Y., 142.

A testator's intention to charge his lands with the payment of legacies, unless expressly stated in the will, must be so clear as to admit of no reasonable doubt; and the inference or implication to so charge the lands with the payment of a pecuniary legacy must be gathered from the will itself. Wright v. Denn, 10 Wheat. (U. S.), 228; McGough v. Hughes, 30 Atl. Rep., 851; Wentworth v. Read, 46 N. E. Rep., 777; Graves v. Duvall, 23 Atl. Rep., 231; Lee v. Lee, 88 Va., 805; In re Mitchell Estate, 38 Atl. Rep., 489; Davidson v. Coon, 9 Law. Rep. Ann., 584; 2 Redf. on Wills, p. 207, secs. 15, 209.

The charge of legacies upon real estate must be created by words of the will. Peet v. Railway, 70 Texas, 527; Hunt v. White, 24 Texas, 653; Wright v. Denn, 10 Wheat. (U. S.), 228; Davidson v. Coon, 9 Law. Rep. Ann., 584 and authorities cited; 1 Redf. on Wills, 433.

If the provisions of a will are ambiguous, uncertain, or obscure, proof of extrinsic facts may be given in evidence to remove the ambiguity, uncertainty, or obscurity, and thus arrive at the intention of the testator as to the words he used; but such proof can not be permitted to vary or add to the terms of the will, and is wholly inadmissible when the will is clear and unambiguous. McGough v. Hughes, 30 Atl. Rep., 851; Heidenheimer v. Bauman, 84 Texas, 174; Paul v. Ball, 31 Texas, 21; Cleveland v. Cleveland, 89 Texas, 445; Moss v. Helsley, 60 Texas, 437; Hunt v. White, 24 Texas, 652.

Where the will does not devise the real estate to the executors, or otherwise charge them with payment of the legacies out of the real estate or empower them to sell it for any other purpose than to pay off the debts of the estate, a clause specifically empowering the executors to sell the real estate if it shall become necessary to pay debts of the

estate, should be construed to exclude by its terms the intention to make the legacies a charge upon the real estate, or authorize the sale thereof to pay legacies. Anderson v. Anderson, 31 N. Y., 460.

The burden of establishing that a pecuniary legacy is a charge upon the realty is upon the party seeking to hold the realty subject to the legacy, unless it is so expressed in the will. Brill v. Wright, 8 Am. St. Rep., 717.

WILLIAMS, ASSOCIATE JUSTICE.—This proceeding originated in the County Court of Cooke County by an application of plaintiffs in error, who are the executors of the will of L. G. Cairns, deceased, for an order renewing a former order of the court, authorizing them to sell certain land of the estate for the purpose of paying pecuniary legacies bequeathed by the will of the decedent. The application was resisted by defendant in error, who was the adopted daughter and is the only heir of the decedent, on the ground that, by the law, the lands which descended to the heir are not charged with the payment of the legacies, and that no such charge had been imposed by the will. The objections were overruled and the order of sale was granted, both in the County Court and in the District Court, to which defendant in error appealed; but in the Court of Civil Appeals, to which a further appeal from the judgment of the District Court was taken by defendant in error, that judgment was reversed and judgment was rendered denying the order applied for, the court sustaining the two propositions of defendant in error, (1) that the will of the decedent did not charge the land in question with the payment of the legacies; (2) that the law does not impose such a charge.

In reviewing this decision, we have concluded that it is necessary to pass upon the first proposition alone, since our construction of the will in question is decisive of the case. Before proceeding to a discussion of it, however, it may be well to refer to the doctrine of equity upon the subject of the marshaling of the assets of decedents' estates and to the rules which obtain in determining the relative rights of creditors, legatees, devisees, and heirs. In the present case, the legacies were general, and the land which plaintiffs in error seek to subject to their payment was not devised to anyone, but descended to the heir; and among the rules which we find stated by high authority is one that, where personal property of an estate, which would be the primary fund for the payment of legacies, is applied in administration to the discharge of debts and expenses of administration so that enough does not remain to pay the legacies, legatees are subrogated to the rights of creditors, and may subject land which has not been devised by the testator but has descended to the heir. Hope v. Wilkinson, 52 Am. Rep., 149; Alexander v. Miller, 7 Heisk., 77; Robards v. Wortham, 2 Dev. Eq., 173; Mollan v. Griffith, 3 Paige, 402; 3 Pom. Eq. Jur., sec. 1135 and note 2; Trumbo v. Sorrency, 16 Am. Dec., 103, and note, 105, 106. There are many authorities upon this subject, but in view of the condition of the

record and its failure to show the disposition made of the large personal estate left by the testator, we do not consider it proper to enter upon a critical examination of them, nor determine whether or not, if it were true that such property had been devoted to the payment of debts and expenses of administration, so as to deprive the legatees of the fund out of which their legacies were primarily payable, they would have the right to look to the land to compensate them, to the extent that the sums going to them were thus diminished. We refer to the subject to avoid any improper implication from our decision.

Conceding, for the purposes of the argument, that the proposition urged by counsel for defendant in error, "that the personal estate is not only the primary fund, but, prima facie, the exclusive fund from which pecuniary legacies are to be paid, and that they are not charges upon the real estate unless the testator so directs either expressly or by necessary implication," correctly announces the law of this State, we are yet of the opinion that a proper construction of the will before us discloses the purpose of the testator to devote not only the personal estate but the land not specifically devised to the satisfaction of the legacies. The material parts of the will are as follows:

"Item 1. It is my will that my just debts and all charges be paid out of my estate.

"Item 2. It is my will that the sum of five thousand dollars be expended for a monument to be placed to my memory by my executors, hereafter named, such as to them may seem suitable and appropriate.

"Item 3. I give and devise to my adopted daughter, Mahala Florence Cairns, my homestead property, consisting of five town lots, fronting on Water Street, in the said town of Pontiac, Livingston County, State of Illinois, also two lots adjoining thereto on the south, together with all building and improvements thereon, and twenty thousand dollars ($20,-000) in money; and then as follows, viz.

"Item 4. After the above bequests and expenses are paid in full, I give and devise to my friend," etc. [Here follows fifteen bequests of legacies to different beneficiaries, aggregating $69,000.]

"Item 19. I do hereby nominate and appoint my friends, C. R. Smith and C. C. Potter, of Gainesville, Texas, and J. T. Terry, of Pontiac, Illinois, executors of this my last will and testament, hereby authorizing and empowering them to compromise, adjust, release, and discharge in such manner as they may deem proper the debts and claims due me. I do also authorize and empower them, if it shall become necessary in order to pay my debts, to sell by private sale, or in such manner, upon such terms of credit or otherwise, as they may think proper, all or any part of my real estate, except my homestead property mentioned in item 3, and deeds to purchasers to execute, acknowledge, and deliver in fee simple.

"I desire that an inventory of my personal property be taken, but that no appraisement be made thereof, and that the court of probate direct the omission of the same."

The will was dated August 13, 1892, at Pontiac, Ill. The testator died there April 12, 1893, and the will was in due time probated in Illinois and Texas. The inventory of the estate in Texas, which appears in the record and was returned July 14, 1893, shows personal property in Texas appraised at about $66,000, and the land in question situated in Gainesville, Texas, appraised at $20,100. Nothing appears, except from the will, as to the estate in Illinois.

At the August term, 1892, of the County Court of Livingston County, Illinois, L. G. Cairns regularly adopted Mahala F. Cairns, the daughter of Moses W. Cairns, aged about eighteen. These are substantially all of the facts shown, which, the parties contend, affect the construction of the will.

We must begin the construction of the will with the presumption that the executor intended the extensive legacies to be paid. In express terms, he provided no fund for the payment of either the debts or legacies, but left undisposed of, specifically, a large amount of personal property and valuable lands. The only property specifically disposed of was the homestead devised to his adopted daughter. This he took from the body of his estate and set apart to her, so that it could not be taken from her for any purpose, unless the law should require it to be subjected to payment of debts against which his will could give her no protection. He then provided for her a legacy of $20,000, to be paid to her in preference to everything else except his debts and the sum appropriated for the monument. He then left all his property, real and personal, except the homestead, undisposed of by specific bequest or devise. This of itself is a significant feature of the will. It strongly suggests that the property was intended to be a fund for the satisfaction of money demands which he established against his estate; for his will, while creating the demands, makes no specific provision for meeting them, and expresses no other intention concerning either kind of property, real or personal. It may be suggested here that in this condition of the will the law will step in and determine the fund out of which the legacies are to be paid, and this fund is the personal property alone. If this is the rule applicable between legatee and heir, an assumption that the testator left his estate so that it ought to apply is not in harmony with the dispositions of the will. Had such been his view, he need not have been at such pains to secure to his favorite beneficiary the land selected and devised to her specifically. The only purpose of that devise was obviously to protect that property from the claims of other legatees. He could not protect it from creditors. When we discover this purpose in the testator to take out of the body of his estate a part of the land and secure it from the operation of the subsequent provisions of the will, we necessarily conclude that the remainder was left subject to those provisions. The same intent prompts the making of this devise and the legacy of $20,000; and this is made plain by the words which introduce the other bequests, "after the above bequests and expenses are paid in full." The intent is to distinguish from the

general mass of the estate, which the testator means to devote to the purposes subsequently mentioned, the property and money mentioned in item 3, and secure that to the adopted daughter absolutely, as far as lay in his power; and this, as we have already said, implies that such is not his purpose with reference'to the remainder of the estate.   This applies both to real and personal property, because his provision for her includes both real and personal property.   If his purpose was to devote to the payment of legacies only the personal property, the devise of the homestead property was useless.   Such property would have gone to her as heir as fully as the other land, without any direction to that effect.

It is contended that the nineteenth clause of the will, wherein power is given to the executors to sell land to pay debts, excludes the construction that the land was charged with legacies.   But the absence of power in the executors to sell to pay legacies is not inconsistent with the existence of a charge upon the real estate to pay them.   The executors may not have power to make the sale, and still the charge may exist and be enforced through the proper courts.   So far as this limitation of the power of sale may tend to disclose the testator's mind, an explanation of it is found in the fact that it withholds power to sell the homestead even to pay debts.   The reason was that it was not intended that the executors should disturb the daughter, to whom it had been given, in the enjoyment of it, and hence no discretion was left them to select this as a fund to pay debts.   This is wholly consistent with the idea that the other land was subject not only to debts, but to legacies.   The fact that power is not given to sell to pay legacies is not controlling.   There was no power given to sell personal property for any purpose.

Having reached this construction of the will, we have deemed it unnecessary to decide the question whether or not, in the absence of provisions in the will charging land with the payment of legacies, it can, under the laws of this State, be subjected, in the hands of the heir, to their payment.   The conclusion necessitates the reversal of the judgment of the Court of Civil Appeals and the affirmance of that of the District Court.

> *Judgment of Court of Civil Appeals reversed.*
> *Judgment of District Court affirmed.*