(No. 16844.—Reversed and remanded.)
R. L. McCormick, Appellee, *vs.* Fay Sanford *et al.* Appellants.

*Opinion filed October 28, 1925—Rehearing denied December 3, 1925.*

1. Wills—*when a devise to testator's "heirs-at-law" is valid.* The rule that a devise is void where it undertakes to give the same estate as would pass by the Statute of Descent does not apply to a devise of the fee, after the expiration of a trust estate for life, "to those persons who would have been" the testator's heirs-at-law in case he died "just after the death" of the person designated as beneficiary of the trust estate, as the intention in such case is that the fee shall vest in those who would constitute the next of kin of the testator upon the death of the life tenant, and such intention is not contrary to public policy or any rule of law and will be given effect.

2. Same—*testator's intention should be ascertained and given effect:* The paramount rule in the construction of wills is to ascertain the intention of the testator from an examination of the language of the will and give effect to such intention unless contrary to public policy or some rule of law, and where there is no ambiguity in the terms used, the instrument itself is the only criterion of the testator's intention, as the court cannot give effect to an intention the testator may be supposed to have had in mind but has not expressed.

3. Same—*entire will must be considered in ascertaining the testator's intention.* In ascertaining the intention of the testator the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances surrounding him, his family and property at the time of making the will.

4. SAME—*meaning of the word "heirs."*  The word "heirs," in its primary meaning, designates the persons appointed by law to succeed to the estate in case of intestacy, and where the word occurs in a will it will be held to apply to those who will be heirs of the testator at his death, unless the intention to refer to those who will be his heirs at a period subsequent to his death is plainly manifested in the will.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

HAROLD F. TRAPP, BEVAN & BEVAN, and R. R. HUMPHREY, guardian *ad litem,* for appellants.

McCORMICK & MURPHY, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

John D. Brock died testate on October 5, 1921, and in and by his last will and testament, after providing for the payment of debts and bequeathing all his personal property to his daughter and only heir-at-law, Fay Sanford, devised all of his real estate in trust to his brother, Stephen A. Brock, creating a spendthrift trust for the benefit of Fay Sanford during her lifetime.  By clause (*b*) of his will he provided:  "At the death of my said daughter, this trust shall immediately end, and all said real estate, together with any funds then remaining in the hands of such trustee undisposed of, shall go to those persons who would have been my heirs-at-law, if I should die just after the death of my said daughter, to have and to hold forever and in fee simple."  In December, 1922, Fay Sanford executed a deed to appellee for an undivided one-eightieth of 100 acres of land owned by the testator at his death.  Appellee then filed this suit for partition, making Fay Sanford, Stephen A. Brock, (the trustee named in the will,) and Fay Etta Sanford and Fred V. Sanford, Jr., who were minor children of Fay Sanford, parties defendant.  Answers were filed by the trustee and the guardian *ad litem*

318—35

of the minor children, and after a hearing the court entered a decree finding that the will of Brock, in so far as it disposed of the fee after the termination of the trust created for the life of Fay Sanford, was void; that the reversion vested in Fay Sanford, and that by her deed to McCormick an undivided one-eightieth thereof was conveyed to him. The decree provided for partition of the reversion subject to the trust estate during Fay Sanford's lifetime. From this decree the trustee and the guardian *ad litem* have perfected an appeal to this court.

It is contended by appellee that if the condition or contingency supposed in clause (*b*) had actually come to pass and the testator had died immediately after the death of the life tenant the attempted devise of the remainder in fee would have been void, for the reason that it undertakes to give the same estate that would pass under the Statute of Descent. The rule sought to be invoked does not apply to the clause in question, as it does not undertake to give to the devisees the same estate that would pass under the Statute of Descent to them. By this clause the testator was not attempting to make a disposition of his property in case Fay Sanford died before he did, but the language was used to describe the class who should take under his will after the death of Fay Sanford, in case she survived him.

It is the contention of appellants that the will of John D. Brock was valid and effective to create a trust estate for the life of Fay Sanford, and that after her death the fee simple title will pass to those persons, exclusive of her, who would be the heirs-at-law of Brock if he had died immediately after her death. It was the contention of appellee that because the will provided that the real estate devised should at the death of Fay Sanford pass in fee to those persons who would have been the heirs-at-law of the testator if he had died just after the death of Fay Sanford there was an interregnum, during which the estate vested in no person, and that therefore the devise of the fee in

remainder was void and that Fay Sanford held the reversion in fee subject to the trust during her lifetime.

It has often been decided that the paramount rule in the construction of wills is to ascertain the intention of the testator from an examination of the language of the will and then give effect to such intention unless contrary to public policy or some rule of law. (*Pereboom* v. *Cloyd,* 317 Ill. 85.) In ascertaining the intention of the testator the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances surrounding him, his family and property at the time of making the will. *Himmel* v. *Himmel,* 294 Ill. 557.

The word "heir" in its primary meaning designates the person appointed by law to succeed to the estate in case of intestacy. (2 Blackstone's Com. 201; *Rawson* v. *Rawson,* 52 Ill. 62.) Where the word occurs in a will it will be held to apply to those who are heirs of the testator at his death, unless the intention of the testator to refer to those who shall be his heirs at a period subsequent to his death is plainly manifested in the will. (*Kellett* v. *Shepard,* 139 Ill. 433.) While, ordinarily, the term "heirs-at-law" used by a testator refers to those who are or will be such at the testator's death and not at some later period, (and this is the natural import of the words,) yet under the rule that the intention of the testator, definitely expressed, will prevail over strict technical terms, such meaning will be given to the term as will carry out the intention of the testator. *Smith* v. *Winsor,* 239 Ill. 567; *Winchell* v. *Winchell,* 259 id. 471.

The object of construction is to ascertain the intention which the testator has expressed in the language of the will, and not one which he may be supposed to have had in his mind but has not expressed, (*Pontius* v. *Conrad,* 317 Ill. 241,) and where there is no ambiguity in the terms used, the instrument itself is the only criterion of the tes-

tator's intention. (*Crabtree* v. *Dwyer*, 257 Ill. 101.) By the clause of the will in question it was the evident intention of the testator that upon the death of his daughter his real estate should then go to the persons who would then be his next of kin and that the fee should thereupon immediately vest in such next of kin. Such intention was not contrary to public policy or any rule of law, and such intention must be carried out by the courts. *Johnson* v. *Askey*, 190 Ill. 58.

The decree of the circuit court is reversed and the cause remanded to that court for further proceedings in accord. ance with the views herein expressed.

*Reversed and remanded.*