**JONES et al. v. HEXT et al.**
No. 4120.

Court of Civil Appeals of Texas. Amarillo.
Dec. 20, 1933.

Rehearing Denied Jan. 29, 1934.

Hoover, Hoover & Cussen, of Canadian, for appellants.

Sanders & Scott, of Amarillo, for appellees.

MARTIN, Justice.

On the 16th day of June, 1912, John H. Jones died and left a will which, without its formal and nonessential parts, reads as follows:

"1. It is my desire that all my just and legal debts be paid first and that the legacies herein given shall be bequeathed after the payment of said debts.

"2. My beloved wife, Annie Lenker Jones, shall be according to my direction and wish, the sole executrix of this my Will, and I direct that she be required to give no bond or security in such capacity.

"3. I give and bequeath to Mrs. Cecelia Wright, my beloved sister, the sum of $5,-000.00 in cash, to be paid as hereinafter designated.

"4. I give and bequeath to my beloved sister, Mrs. Annie G. Duffy of Topeka, Kansas, the sum of $5,000.00 in cash, to be paid as hereinafter designated.

"5. After the payments aforesaid, I give to my beloved wife, Annie Lenker Jones, and to my beloved daughter Nellie Jones, all the balance of my property, be the same real, personal or mixed.

"6. The bequests above given to my said wife and daughter are share and share alike or one-half to each.

"7. I direct that the said sums of money, to-wit: $10,000.00, are to be paid by my executrix to my sisters whenever my ranch lands in Roberts County, Texas, are sold.

"8. My beloved wife and daughter shall have the rents and revenues from said ranch lands until they are sold.

"9. The bequests of $5,000.00 each to my sisters before named shall bear interest from and after my death at the rate of 6% per annum until paid.

"10. It is my will that no other action shall be had in the County Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims."

On the 12th day of October, 1912, said will was duly admitted to probate, and Annie Lenker Jones was appointed and duly qualified as independent executrix of the estate of said John H. Jones. Thereafter the said executrix administered said estate as such,

paid its debts, and paid interest annually at the rate of 6 per cent. per annum on the legacies therein bequeathed to Mrs. Cecelia Wright and Mrs. Annie G. Duffy, to and including July 22, 1930, since which last-named date no interest has been paid. Both of said legatees died a short time prior to said last-mentioned date. Appellees here are the lawful heirs of the two named sisters of testator, whose legacies are in dispute in this case. The appellants in this case are Annie Lenker Jones, her daughter Nellie Jones McMordie, and husband, Frank F. McMordie. The first two are the wife and daughter, respectively, of testator, and are the devisees mentioned in his will. The three last mentioned parties have repudiated the legacies to the said Mrs. Cecelia Wright and Mrs. Annie G. Duffy and declined to recognize such legacies as binding upon the estate of said John H. Jones, deceased, and refused to longer make any annual payment of interest as stipulated in said last will and declined to pay said legacies or any part thereof, contending that such legacies lapsed upon the death of the named legatees. The lands mentioned have never been sold. On the 15th day of May, 1930, the appellants executed and delivered a trust deed to all the Roberts county lands owned by testator to W. G. Foster as trustee, to secure a loan of $70,000. The entire proceeds of said loan were paid to appellants. Since the death of testator, Annie Lenker Jones and Nellie Jones McMordie have received all the rents and revenues from the ranch lands of testator, and have "since long before the execution of said trust deed held possession of said lands."

Suit was brought on August 26, 1932, by a part of the heirs of said legatees against appellants and certain others of the heirs who refused to join with them as plaintiffs and who have taken no appeal and will not be further mentioned.

In their petition appellees asked for a decree ordering said executrix to pay such legacies and ordering a sale of sufficient estate property to pay same and for personal judgment against all of appellants and particularly for a construction of said will of John H. Jones, deceased. To this appellants filed answer not necessary here to specifically set out any further than that it sufficiently raised the legal issues which we shall hereafter discuss.

The trial was before the court upon an agreed statement of facts, much of which appears above. His findings, in part and in substance, were that said will vested an estate in the two legatees upon the death of the testator and that same constituted a charge against the whole of the estate of John H. Jones, deceased, and fixed a preference lien against the property of the estate, subject only to the payment of the just debts of said estate; that it charged the executrix with the duty of administering said estate within a reasonable time and by necessary implication directed that the testator's interest in the Roberts county ranch lands should be sold at some time during the process of administration and within a reasonable time after the death of testator, to provide a fund for the payment of the special legacies aforesaid. He further decreed personal judgment for appellees against appellants jointly and severally for the sum of $7,666.66, being their pro rata portion of said cash legacies, decreed that they had a lien against the Roberts county ranch lands, and directed that an order of sale of said land issue to pay said legacies, sufficient to pay the judgment. Other parts of the judgment are not deemed material to the issues of law discussed.

Since this case was tried upon an agreed statement of facts under article 2177, R. S., 1925, all of appellants' contentions respecting the sufficiency of appellees' pleadings pass out of the case. Scott v. Slaughter, 97 Tex. 244, 77 S. W. 949; Shamrock Oil & Gas Co. v. Williams (Tex. Civ. App.) 63 S.W.(2d) 570. However, we think all of the primary and controlling legal questions remain and will be decided without pausing to discuss the technical sufficiency of appellants' propositions. These are, in substance:

(1) That a contingent estate was created by the will as to the two legacies of $5,000 each, which lapsed with the death of the legatees, this because it is claimed no estate was to vest until the ranch lands were sold, and no sale has yet taken place.

(2) Even if the will created a vested instead of a contingent estate as to these, they are not yet due, the lands not having been sold, and appellees' suit was prematurely brought.

(3) In no event could a personal judgment be rendered against appellants, together with a decree of foreclosure and sale of the ranch lands to pay said legacies.

The first question is the controlling one. It is: Were the two legacies of $5,000 each to testator's sisters a vested or contingent estate?

The intention of the testator, as gathered from the entire will, controls its construction. To this cardinal rule all others must yield. Bittner v. Bittner (Tex. Com. App.) 45 S.W.(2d) 148, 151.

We copy here certain well-established legal principles, deemed applicable here, from the case of Hoblit v. Howser, 338 Ill. 328, 170 N. E. 257, 258, 71 A. L. R. page 1046:

"In the interpretation of wills the intention of the testator must control. The whole

will and all of its parts must be considered in order to ascertain that intention. Carlin v. Helm, 331 Ill. 213, 162 N. E. 873; McCormick v. Sanford, 318 Ill. 544, 149 N. E. 476.

"The law favors the vesting of estates and will construe the terms of a will as creating a vested estate, if possible. * * *

"An estate will vest at the death of the testator unless a later time for vesting is clearly expressed by the words of the will or by necessary implication therefrom. * * *

"The law presumes that words of postponement relate to the enjoyment of the remainder rather than to the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest. * * *

"Where it is doubtful whether words of contingency or condition apply to the gift itself or to the time of payment or enjoyment, they will be construed as applying to the latter. 2 Redfield on Wills, p. 248. * * *

"If the time of enjoyment, merely, is postponed, and it appears to be the intention of the testator that his bounty shall immediately attach, the devise is vested, but, if the time be annexed to the substance of the gift as a condition precedent, it is contingent and not transmissible. * * *

"Whether the condition is precedent or subsequent depends upon whether it is incorporated into the gift or is descriptive of the remainderman or is added as a separate clause after words which have already given a vested interest. * * *

"Though time be annexed to the substance of the devise and not merely to its payment, yet, if the income, by way of maintenance or otherwise, be given to the devisee, the devise is vested unless circumstances appear to prevent the vesting."

■ We have concluded that the contingency mentioned in the above will was annexed to the time of payment and not to the gift itself, and therefore each became a vested estate upon the death of the testator. Walker v. Thornton (Tex. Civ. App.) 124 S. W. 166. This, of course, is the equivalent of a holding that neither lapsed upon the death of the named legatee.

We construe the terms of the will as compelling this conclusion. In arriving at the intention of the testator, as gathered from the four corners of the will itself, emphasis has been given by the courts to the presence therein of certain matters. Some of these which have largely controlled us in this case are now mentioned.

In paragraph 9 of said will it is provided that "the bequests of $5,000.00 each to my sisters * * * shall bear interest from and after my death at the rate of six per cent. per annum until paid." This plainly implies that in the mind of the testator a principal was created, to be existent from and after his death, upon which interest could be calculated annually. And for how long? Not until the death of his sisters, but until the payment of the principal. Gifford v. Thorn, 9 N. J. Eq. 702; Thompson on Construction of Wills, § 475.

The gift to the sisters is absolute without any qualification. The time of its payment alone is postponed in a subsequent and independent clause of the will, but a mere postponement of the time of its enjoyment does not of itself create a contingent gift so as to prevent it becoming vested upon the death of the testator. Hall v. Ayer's Guardian, 105 S. W. 911, 32 Ky. Law Rep. 288; Thompson on Construction of Wills, § 509. It will be noted that the legacy is created and the time of its payment provided for in separate and distinct clauses of the will. This, with the language used in the respective clauses, we think rebuts the contention of appellants that the time of enjoyment was of the substance of the gifts, so as to make them contingent on the legatees remaining alive until they came into physical possession of the legacies. Gardner on Wills, p. 495.

The facts here sufficiently support the implied finding of the trial court that the provision for the postponement of payment of the legacies was solely for the benefit of the estate, and not personal to the legatees, in which case the gifts vest upon the death of the testator. Thompson on Construction of Wills, § 476. The inventory of the estate shows a large amount of both personal and real property and an indebtedness of around $32,000. Most of this property was owned in common by testator with his brother. The personal property appears insufficient to pay the debts and legacies, and testator must have known that his executrix might have to resort to the real estate to pay his debts, and therefore a postponement of payment of the legacies until his ranch lands would not be unduly sacrificed was desired and by implication provided for.

■ The use of the word "whenever" in paragraph 7 of said will does not create a contingent estate. Thompson on Construction of Wills, § 483. Nor does the uncertainty of enjoyment. Same author, § 470. "It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment that makes the difference between vested and contingent interests." Id.

Finally, as persuasive of the intention of the testator as here interpreted, we make note of the fact that the paragraphs of the will making the bequests in question are followed immediately by paragraph 5, as follows:

"After the payments aforesaid, I give to my beloved wife, Annie Lenker Jones, and my beloved daughter Nellie Jones, all the balance of my property, be the same real, personal or mixed."

The devise to his wife and daughter was "the balance" of his property after the payment of the legacies to his sisters, without proviso ·or explanation. The only limitation mentioned is annexed to the estate to be received by his wife and daughter. This was to be the "balance" of his property. The estate of the sisters was a preferred legacy, subject to the payment of debts, and the others were to receive the remainder. The legacies were to be paid by "my executrix" not his wife and daughter, evidencing an intent to continue the administration of the estate until such payments. This rebuts any inference of an intent to give possession and ownership of "all" his property at once to his wife and daughter, or in any event unless and until his executrix had performed the duty imposed and required of her by the will to pay the legacies in question. It is inferentially, if not plainly stated that their right to absolute ownership of the ranch lands matured only upon the performance by the executrix of the condition of payment to the legatees. They were in the meantime to enjoy the "rents and revenues" from the ranch lands, thus again showing an intent to vest control in the executrix and withhold same from his residuary devisees pending some contingency. What could this have been but the payment of the debts and legacies?

■■ Nor can we agree with appellants that the legacies are not yet due, even if they vested at the death of the testator, because, as they say, the lands have not yet been sold. We construe the will to impliedly direct a sale by the executrix of the ranch lands to pay the legacies within a reasonable time and when and if the same might be done without undue sacrifice. More than twenty years have elapsed since the executrix qualified. We cannot assent to a construction of the will which places it within the power of a residuary devisee to completely defeat a plain provision thereof by refusing to perform its implied command, especially when such refusal increases the estate of such devisee and her daughter by the amount of the legacies. This would amount to our writing for the testator a new will by whose terms the residuary devisees were given the option of payment of legacies therein unconditionally bequeathed. But, if we are mistaken in this construction, we have here a disposal of the entire ranch lands in trust to secure the sum of $70,000, all of which has gone to appellants. Under present economic conditions the lands are incumbered for what must be an amount near if not entirely their present market value. A court should not stop to quibble over the technical difference between a sale and mortgage when their legal effect, as in this case, is approximately the same upon the rights of appellees. We construe the legacies to be a charge upon the ranch lands of testa-

tor. These lands have been disposed of in such way as may probably defeat the payment of the legacies, and, if they have not been sold in the technical sense of that term, they have been in the sense intended by testator, we think, and at any rate in a very real sense, so far as the appellees are concerned. So for either or both of these reasons we are of the opinion appellees' suit was not prematurely brought. Armstrong v. Barber, 239 Ill. 389, 88 N. E. 246; Schouler on Wills (6th Ed.) § 3152; 24 C. J. 169; Ellet v. McCord (Tex. Civ. App.) 41 S.W.(2d) 110.

We think under well-settled rules the trial court correctly held the ranch lands of testator were charged with the legacies in question, and were subject to foreclosure and sale for their payment. Moerlein v. Heyer, 100 Tex. 245, 97 S. W. 1040; Haldeman v. Oppenheimer (Tex. Civ. App.) 119 S. W. 1158; 28 R. C. L. 306; 40 Cyc. 2021, 2024; Smith v. Cairns, 92 Tex. 667, 51 S. W. 498; 40 Cyc. 2051, 2059.

In view of the fact that it conclusively appears here that appellants have taken possession of said ranch lands and conveyed same away in trust to secure a loan of $70,000 paid to them jointly, and after the executrix has refused to carry out the terms of the will, they are personally liable to appellees, and the trial court did not err in rendering the character of judgment indicated in the statement of the case. 28 R. C. L. pp. 307, 308, 309; 40 Cyc. 2052.

The judgment is affirmed.