# Supreme Court of Texas

No. 21-0233

Larry Ackers,

*Petitioner*,

v.

Comerica Bank & Trust, N.A., Trustee of the Larry Ackers
Generation Skipping Trust,

*Respondent*

On Petition for Review from the
Court of Appeals for the Eleventh District of Texas

JUSTICE BUSBY, joined by Justice Young, concurring in the denial of the petition for review.

This case involves a dispute over whether certain individuals are contingent remainder beneficiaries of a trust, and the issue presented is whether the dispute is ripe for judicial resolution. The plaintiff was the life beneficiary of the trust, and the court of appeals affirmed the dismissal of his suit as unripe. The life beneficiary then filed a petition for review, but he died after we received merits briefing, and the trust will now be wound up. Under these circumstances, I agree with the

Court's decision to deny review. This disposition does not prevent anyone claiming a remainder interest in the trust from seeking a judicial declaration regarding who should receive a distribution.

Nor should our denial of review be interpreted as agreement with the court of appeals' ripeness analysis. That court reasoned the suit was not ripe because the putative remainder beneficiaries might die before the trust terminated and thus might never receive a future distribution. But the dispute also included whether the putative beneficiaries had present rights to receive information about the trust prior to its termination. That aspect of the dispute, which the court of appeals overlooked, rendered this suit ripe when filed.

Petitioner Larry Ackers was the life beneficiary of a testamentary trust that would terminate upon his death, with any remaining trust assets being distributed to his "then-living descendants." Larry had three biological children: Kimberly, Melissa, and Pepper. He relinquished his parental rights to Kimberly and Melissa, each of whom was later adopted by a new father. Kimberly passed away in 2013, but Melissa and Pepper—along with Kimberly's children, Brittany and James—are still alive. Sometime before Kimberly's passing, the then-trustee notified Kimberly and Melissa that they were Larry's descendants.

In 2015, respondent Comerica Bank & Trust, N.A. was appointed successor trustee. Comerica began sending account statements to Melissa, Brittany, and James (collectively, the Heirs). Larry then informed Comerica that the Heirs might not be his "descendants" due to his relinquishment of parental rights. Comerica notified the Heirs that

it was "suspending its practice of providing account statements" to them while it investigated whether they were remainder beneficiaries.

Because Larry relinquished his parental rights to Kimberly and Melissa, he argued that only Pepper was his "descendant"; the Heirs were not his "descendants" and could not receive account information or a distribution after his death. Larry filed suit under the Texas Trust Code and the Uniform Declaratory Judgments Act, asking the court to construe the trust instrument and determine this question arising in the administration of the trust. *See* TEX. PROP. CODE § 115.001(a)(1), (7);[1] TEX. CIV. PRAC. & REM. CODE §§ 37.004(a), 37.005(1). Larry alleged that when Comerica's predecessor trustee notified the Heirs of its determination that they were beneficiaries, it created an "irreconcilable conflict of interest between the descendants of the living and non-living adopted child contingent beneficiaries" that required judicial intervention.

Comerica moved for summary judgment, arguing that Larry's suit was not ripe because the class of "then-living descendants" could not be ascertained until Larry's death. In response, Larry pointed out that Comerica had already chosen to include the Heirs in the class of "descendants" by sending them account statements. Without providing its reasoning, the trial court granted summary judgment in Comerica's favor. The court of appeals affirmed, 630 S.W.3d 292, 293 (Tex. App.—Eastland 2020), and Larry petitioned this Court for review.

---

[1] Because the Trust Code is located within the Property Code, I refer to the Trust Code while citing to provisions of the Property Code. *See In re Troy S. Poe Tr.*, 646 S.W.3d 771, 774 n.5 (Tex. 2022).

3

Before any court can determine whether the Heirs are Larry's descendants, this controversy must be ripe. *See Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness "is a threshold issue that implicates subject matter jurisdiction, and like standing, [it] emphasizes the need for a concrete injury for a justiciable claim to be presented." *Id.* (citation omitted). Specifically, "[a]t the time a lawsuit is filed, ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.*[2]

According to the court of appeals, Larry's suit was not ripe. The court reasoned that because the class gift to Larry's "descendants" was contingent on Larry's death, the Heirs' interests were "not ripe for determination because they are based upon an event that '[has] not yet come to pass.'" 630 S.W.3d at 295-96 (alteration in original) (quoting *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020)).

This conclusion is incorrect because it focuses solely on the Heirs' contingent future interest in a remainder distribution of the "corpus of the trust" upon Larry's death, *id.* at 295, while ignoring their present rights as putative contingent remainder beneficiaries prior to the trust's termination. Because those present rights were also in dispute, the

---

[2] *See also Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (explaining that a justiciable controversy exists when there is a "real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute" (quoting *Bexar-Medina-Atascosa Counties Water Control & Impr. Dist. No. 1 v. Medina Lake Prot. Ass'n*, 640 S.W.2d 778, 779-80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.))).

contingent nature of the future interests of Larry's "then-living descendants" does not render this suit unripe.

The first step of the court of appeals' analysis was correct: the Heirs' putative remainder interests were contingent. *See Guilliams v. Koonsman*, 279 S.W.2d 579, 582-83 (Tex. 1955) (concluding gift subject to condition precedent of survivorship gave devisees contingent remainder). But this contingency, standing alone, does not answer the question whether the case is ripe.

Although a contingent interest, by definition, is conditioned on the occurrence of an event that may or may not take place, *cf. Jones v. Hext*, 67 S.W.2d 441, 444 (Tex. App.—Amarillo 1933, writ ref'd), this does not mean that every suit involving a contingent interest is unripe. Rather, the Trust Code allows "interested person[s]" to sue concerning a trust, and an interest can be "any interest, whether . . . present or future, vested or contingent." TEX. PROP. CODE §§ 115.011(a), 111.004(6).

As we recently confirmed in *Berry v. Berry*, contingent beneficiaries are sufficiently "interested" to bring a claim concerning a trust under section 115.001 of the Trust Code. 646 S.W.3d 516, 529-30 (Tex. 2022). *Berry* held that an unnamed member of a class of "descendants" who is a contingent beneficiary can sue trustees for an alleged breach of fiduciary duty that reduces funds flowing into the trust. *See id.* Yet under the court of appeals' reasoning, the *Berry* beneficiary's claims would be unripe "because they are based upon an event that '[has] not yet come to pass.'" 630 S.W.3d at 296 (alteration in original) (quoting *Lynch*, 595 S.W.3d at 683).

5

That is incorrect: as we explained in *Berry*, the "contingent status" of an interest cannot render it insufficient because that conclusion "would essentially undo the [Trust Code's] express grant of rights to parties with 'contingent' interests." 646 S.W.3d at 529. It would make no sense to hold that the Legislature, in enacting the Trust Code, gave trial courts jurisdiction over suits they can never hear because the nature of a contingent beneficiary's interest renders them categorically unripe. Rather, chapters 111 and 115 of the Trust Code indicate that the mere involvement of contingent interests does not necessarily render a case unripe. *See id.* at 529-30.

There are good reasons that the Trust Code authorizes contingent beneficiaries to sue: they have present as well as future rights that may be affected by a particular dispute. Among these are the right to sue for an accounting by the trustee, *see* TEX. PROP. CODE § 115.001(a)(9), and the right to sue to remove a trustee. *See id.* § 115.001(a)(3).[3] By sending account statements to the Heirs, Comerica treated them as beneficiaries with present rights. The declaration Larry sought would resolve a real dispute regarding whether the Heirs are in fact beneficiaries with such rights.

It was certainly true, as the court of appeals observed, that the Heirs' future interest in a distribution of trust corpus after Larry's death might never vest. For example, they could have died before Larry. The fact remains, however, that Comerica provided the Heirs with account statements and other confidential information typically reserved for

---

[3] *See also Aubrey v. Aubrey*, 523 S.W.3d 299, 311-13 (Tex. App.—Dallas 2017, no pet.).

6

beneficiaries. *Cf.* RESTATEMENT (THIRD) OF TRUSTS §§ 82, 83 cmt. b (2007) (discussing trustee's duty to provide reports to beneficiaries).

A trustee owes fiduciary duties to the trust. *See Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). One such duty is the duty of loyalty, which obligates the trustee to preserve the confidentiality of trust information. *See, e.g.*, RESTATEMENT (THIRD) OF TRUSTS § 78 cmt. i. To facilitate a trustee's compliance with its duties of disclosure as well as confidentiality, it is important that both trustees and beneficiaries have access to the judicial forum provided by the Legislature for resolving any disputes regarding present rights. A declaratory judgment regarding whether Comerica properly treated the Heirs as contingent beneficiaries would "actually resolve" this dispute. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004).

In reaching its contrary conclusion, the court of appeals relied principally on *Wilkes v. Wilkes*, 488 S.W.2d 398 (Tex. 1972). In that case, a testamentary trust provided that if the testator's adopted daughter, Virginia, had not executed a will by the time of her death, her share of the trust income and (upon termination of the trust) principal would go to "her lineal descendants, if any." *Id.* at 400. Virginia died without a will, and her only child—a son, Robert—attempted to convey his future interests in continued income and in the corpus of the trust to his wife. *Id.* at 400-01. Because Robert had two children, we concluded that the gift to Virginia's "lineal descendants" was to a class or "group capable of future changes in number." *Id.* at 399. Thus, Robert's future interests were contingent on him surviving his children, and an interest beyond his lifetime could not be conveyed to his wife. *Id.* at 407.

7

Relying on *Wilkes*, the court of appeals reasoned that "the time for ascertaining [Larry's] descendants who will receive the corpus of the trust is to be determined at [Larry's] death and not before." 630 S.W.3d at 295. Viewing Larry's suit as simply an attempt to determine whether the Heirs would be excluded from the class of descendants when the trust terminated, the court held it was not ripe. *See id.* at 295-96.

*Wilkes* does not support the court of appeals' conclusion. The dispute in *Wilkes* was not about whether Robert's wife would be Virginia's "descendant" at some future time, but whether Robert presently had a "transmittable interest." *Wilkes*, 488 S.W.2d at 407. This case does not involve an effort by the Heirs to transmit any future interests they may have.

But *Wilkes* is similar to this case in a different way, and it supports the conclusion that this suit was ripe. *Wilkes* addressed, in part, whether a beneficiary could convey his contingent remainder interest in the corpus of the trust. Under the court of appeals' view, that portion of the suit should have been dismissed as unripe given the uncertainty about whether the beneficiary would be alive to receive a transmittable share of the corpus when the trust terminated. Instead, *Wilkes* held that we could decide—and we did decide—that the beneficiary's wife would not be entitled to a share of the corpus in any event because the beneficiary did not have the power to appoint a contingent remainder interest to her. *Id.* at 406.

The facts here provide an even stronger case for ripeness: as explained, there was a dispute regarding whether the Heirs are contingent remainder beneficiaries with present—not merely future—

8

rights. Because the harm alleged by Larry was not "contingent on uncertain future events," his suit was ripe. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000).

With these observations, and in light of Larry's death, I concur in the denial of review. I express no opinion on the merits issue whether the Heirs are Larry's "descendants" and therefore remainder beneficiaries of the trust.

_____
J. Brett Busby
Justice

**OPINION FILED:** October 28, 2022

9