**BRAINERD et al. v. FIRST NAT. BANK et al.**

**No. 11489.**

Court of Civil Appeals of Texas. Galveston.

March 11, 1943.

Rehearing Denied April 1, 1943.

A. F. Sundermeyer, of Houston, for Mrs. Elizabeth Brainerd.

P. Harvey, of Houston, for Mrs. Jackie Belle Ward.

Fowler & Conn, of Houston, for John S. Ward et al.

Edward S. Boyles and T. E. Richards, Jr., both of Houston, for First Nat. Bank et al.

CODY, Justice.

This is a will construction case. The testator, John S. Ward, died in April, 1928, and shortly thereafter the First National Bank in Houston, which was by the terms of the will appointed independent executor without bond, had the will probated by the County Court of Harris County, and began to administer the estate. The will also created a trust estate which, by its terms, was to terminate when the youngest of the five children of testator and his surviving wife became twenty-one years old. The time appointed for the termination of the trust arrived in March, 1941. However, two bequests made by the will remained unpaid; one for the sum of $2,500 made to Albert B. Ward, a son of testator by a former marriage; the other for the sum of $5,000 made to Mrs. Elizabeth Brainerd, a sister of testator. The Bank alleged and proved that the only property which had come into its hands that had belonged to testator was being administered by it as constituting the trust estate which was created by said will, and that, unless property which was being administered as forming a part of the trust estate could be applied to the payment of aforesaid bequests, the same could not be paid. The Bank alleged that it could not safely distribute the property forming the trust estate without having it determined whether,

under the terms of the will, it was the intention of testator that such property or a portion thereof was subject to being applied to the payment of said bequests, etc.

The petition of the Bank is quite long; but for our purpose the foregoing is a sufficient statement of it, except to state that it alleged the provisions of the will and exhibited a copy of the will thereto attached, and further alleged that testator's wife insisted upon her interest in the community estate and declined to take under the will, (setting out the terms of the will by which bequests were made to her,) and further alleged that she had instituted suit—numbered and styled upon the docket of the District Court of Harris County, No. 152,250, Mrs. Estelle Ward vs. First National Bank et al.—to recover her interest in the community; the Bank's petition also alleged the judgment which was rendered therein, which judgment is binding upon all parties to the present proceeding as they were parties to said cause No. 152,250, which judgment will hereafter be referred to.

Mrs. Brainerd, to whom the legacy of $5,000 was left, answered, admitting that she had received partial payment of the legacy so that there remained unpaid the sum of $4,788.64 due her. She alleged that her legacy was a charge upon all the property and assets of the estate in the hands of the Bank. She also alleged that the Bank, as trustee under the will, had received considerable sums in payment of claims against the estate, and asked that the Bank be required to render an accounting, and that she be subrogated to the liens shown to have been paid off by the Bank to the extent of her unpaid legacy. She alleged that the residuary estate of testator consists of real estate and personal property, and forms a part of the trust estate created by paragraph VI of the will, and that the legacy is a charge thereon. She further specifically pled that her legacy was a charge upon the entire estate, and is payable out of the trust fund, and that it is a charge upon the 12-acre Homestead Tract, life estate in which testator willed to his wife, but which she declined to accept under the will. She also adopted a portion of Mrs. Jackie Belle Ward's pleadings.

Mrs. Jackie Belle Ward pled that she was the surviving wife of Albert B. Ward, deceased, and that he had died intestate, and that she was his sole and surviving heir, and as such entitled to receive the legacy of $2,500 left to him by testator, for which she sued.

It would only serve to lengthen this opinion to give the answer of Mrs. Estelle Ward, surviving wife of testator, in whose favor judgment was rendered in aforesaid cause No. 152,250; she asserts no claim under the will.

The answer of the five children born of the union of testator and Mrs. Estelle Ward claims for them all interest in the 12-acre homestead tract, subject to right awarded Mrs. Estelle Ward, in cause No. 152,250, to occupy said tract as a homestead, and claims the trust fund,—all to the exclusion of the claimants of the $2,500 and $5,000 legacies.

There was a jury used in this case, but the issues submitted to it related solely to the claim of Mrs. Jackie Belle Ward to be surviving wife of Albert B. Ward. The jury found, in effect, that Mrs. Jackie Belle Ward had been united to Albert B. Ward by a common-law marriage; and the court rendered judgment upon such verdict to the effect that she was the sole surviving heir of Albert B. Ward, deceased. The court found that there was no property out of which the $2,500 legacy and the $5,000 legacy could be paid, and found that by the terms of the will all the property now in the hands of the First National Bank had been expressly made a part of the trust estate created for the benefit of the five children born to testator and his surviving wife, and the court held that the claimants of the $2,500 and $5,000 legacies should receive nothing from the Bank, and had no right to have same charged against the 12-acre tract, but held that the five children were entitled to receive all of the trust fund and owned all interest in the 12-acre tract, subject to the right of their mother to use, occupy and enjoy the same as her homestead. The court made many specific findings of fact.

From the judgment of the trial court denying them any right to receive any sum from the Bank, or to have the 12-acre tract subjected in any manner to the payment of their legacies, Mrs. Brainerd and Mrs. Jackie Belle Ward appeal. No statement of facts has been brought up.

The points urged by Mrs. Brainerd upon appeal are:

1. By his will testator made specific legacies of $5,000 and $2,500 to his sister and eldest son, respectively, which are payable

out of his residuary estate, and only what remains after such payments go to the residuary devisees.

2. If there be insufficient personal property to pay specific legacies of $2,500 and $5,000, where the will provides (after devising a life estate to his wife in the 12-acre homestead tract), "Upon the death of my said wife, said property * * * shall become a part of my residuary estate, described in paragraph VI of this will", the "remainder interest" in the homestead tract passed into the residuary estate charged with the payment of such specific legacies.

3. When the will provided that the legacy of $5,000 should be paid when the trust created by the will should terminate, and the trust terminated in March, 1941, and the only property constituting residuary estate was a 12-acre tract, subject to the homestead interest of the widow, it is the duty of the trustee to sell such property (subject to the widow's homestead interest), and pay the legacy from the money so provided.

4. Where the executor pays $2,588 out of personal property in its hands for widow's allowance, court costs (including attorney's fees), and such payment leaves no funds out of which to pay specific legacies, the legatees are entitled to have the amount thus paid out established as a charge against real estate and the trust fund.

5. Where a testator puts his entire estate into a trust fund, and provides that specific legacies shall be paid to his sister and eldest son, and makes no other provision for the trustee to obtain funds to pay such specific legacies, it is manifest that it is the testator's intention that the specific legacies be paid by the trustee out of the trust estate, before the trust fund is distributed to testator's five children by a subsequent marriage.

6. "When a testator transfers $40,000.00 to the Bank to be held in trust, according to the provisions of his will, and the will states 'I give the Bank $2500.00 to be held in trust for my son, and paid to him ten years after my death' and further provides 'I give my sister $5000.00 to be paid when the trust is terminated, and in the event my sister dies prior to that time, shall revert to and become a part of my residuary estate and if my sister becomes destitute, the bank is authorized, out of my said residuary estate, to pay such amounts as may be necessary to her relief;' and then provides 'When my youngest child shall have reached the age of 21 years, said fund, (being all of my residuary estate) shall be distributed equally between my five children;'

"The will as a whole shows that the testator's intention was that the specific bequests of $2,500.00 to his son and $5,000.00 to his sister, should be paid out of the trust fund, and the remainder of said fund distributed among the other five children."

Appellant, Mrs. Jackie Belle Ward, urges the same points urged by Mrs. Brainerd.

■ The court found as a fact that at the same time testator executed the will, he delivered a copy thereof to the Bank, together with a duly executed assignment transferring to the Bank a series of eight promissory notes, numbered 2 to 9, inclusive, totaling $40,000, and found that upon such delivery to the Bank of said will, assignment and notes, a living trust thereupon became created which was governed by the language used in paragraph VI of the will. In other words, the court found that upon the day the will was executed, the title to the notes passed out of the testator and into the Bank, as trustee, and that testator ceased to have any right in or control over said notes. Indeed, the court could not find otherwise, because were there any doubt concerning it, it was made to appear that the court had found, in cause No. 152,250, that the trust fund to the extent of the notes, totaling $40,000, was a living trust, and all parties to the present proceeding were parties to cause No. 152,250, from which none appealed. At least, in the absence of a statement of facts, we will make all reasonable presumptions in favor of the judgment. Paragraph VI of the will first recites that the testator had "this day transferred, assigned and delivered" to the Bank the $40,000.00 worth of notes; it then goes on to state:

"In addition to said notes this day delivered to said First National Bank, I give and bequeath unto the said First National Bank, as Trustee, all the rest and residue of my estate wherever situated. All of said residue of my said estate, including said notes deposited with said Bank, shall be held in trust by said Bank as Trustee for my five (5) children (naming his five children by Mrs. Estelle Ward), share and share alike, subject to the terms and provisions of this paragraph. Said Trustee shall hold said notes, collect the interest

thereon, which shall be added to said Trust fund, and shall invest and reinvest the proceeds thereof, and shall hold said trust fund until my youngest child, Willis Randall Ward, shall have reached the age of twenty-one (21) years, *. * * at which time said fund (being all of my residuary estate) shall be distributed equally between my said five children, share and share alike. * * * In the event of the death of my said wife prior to the distribution of this trust fund, then said twelve (12) acres in which a life estate has been bequeathed to my said wife, Estelle Victoria Ward * * * shall immediately pass to said First National Bank in Trust as a part of this Trust fund, to be distributed as above stated. * * *" The omitted portions of paragraph VI relate to contingencies which did not arise, or to matters not here relevant.

Paragraph III of the will bequeaths to testator's wife a life estate in twelve acres constituting the property upon which he and his wife resided, being his separate property, and gave her the right to improve same and receive the rents and revenues therefrom. It also provides that upon the death of testator's wife, the homestead tract (provisions for sale of same or a portion thereof for the benefit of the wife have no application, she having declined to take under the will) "shall pass to, and be vested in, the First National Bank of Houston, as Trustee of this will, and shall become and be a part of my residuary estate, described in paragraph VI of this, will. In the event said fund described in paragraph. VI hereof shall be distributed, nevertheless said real estate * * * shall be distributed by said Trustee in accordance with the terms of said paragraph."

Paragraph IV of the will bequeaths to testator's sister, Mrs. Brainerd, $5,000 "to be paid to my said sister at the time the trust created under pargraph VI of this will be terminated. In the event that my said sister shall die prior to that time, then this bequest shall revert to, and become a part of my said residuary estate." Said paragraph of the will empowers the Bank, at its discretion if it judges the sister's condition of need requires it, to advance out of testator's residuary estate money to relieve such need, but limits payments so they shall not exceed $5,000.

In paragraph V of the will, testator bequeaths to the Bank, in trust for his son, Albert B. Ward, the sum of $2,500, to be paid to him when, in the Bank's judgment, he had demonstrated that he was capable of handling his affairs in a business like manner, but in any event to be paid him in not to exceed ten years, assuming him to be then alive. This son died some three years after his father, without having received payment of the bequest.

The first point for determination is whether or not the court correctly construed paragraph VI of the will as creating a living trust, rather than a testamentary trust, so far as concerns the notes totaling $40,000, which the testator transferred to the Bank in trust, on the same day that he executed the will. Under the findings made by the court, and under the presumptions which must be indulged in support of the court's judgment in the absence of a statement of facts, we are constrained to hold that, upon said transfer and delivery to the Bank of the notes, the testator became divested of all right, title, interest and estate in the notes. They could not thereafter be subjected to the payment of his debts. "Where a valid and effective voluntary trust has been created, without the reservation of any power of revocation, it cannot be revoked without the consent of persons beneficially interested therein." 131 A.L.R. 457; Elbert v. Waples-Platter Co., Tex.Civ.App., 156 S. W.2d 146, 151. The next point for consideration is, did the court correctly construe the living trust with reference to the beneficiaries; that is to say, were Mrs. Brainerd and testator's eldest son beneficiaries of the living trust? It seems quite clear from the language used with reference to the distribution thereof, that only the five children by the testator's later marriage were to share therein. There is decidedly no provision that the same shall be distributed to Mrs. Brainerd to the extent of $5,000, and to Albert B. Ward to the extent of $2,500. In brief, testator made no testamentary disposition of the $40,000, but disposed of it before he died. The court, therefore, correctly held that the property constituting the living trust could not be subjected to the payment of the $5,000, and the $2,500 legacies.

This brings us to the consideration of the court's holding that the 12-acre tract was also not subject to being applied to the payment of the aforesaid pecuniary legacies. It cannot be questioned that testator intended that the Bank should pay

these legacies. And no mere unskillful drafting of the will should be permitted to override his obvious purpose that the Bank pay these legacies. "The general rule is well settled that where a testator, after bequeathing pecuniary legacies, gives the residue of his real and personal estate; * * the legacies are a charge on, or are payable out of the residuary real estate, and in case of a deficiency of personalty, must be paid out of the realty otherwise passing under the residuary clause." Note, 42 A.L.R. 656. Indeed, by definition, the residuary estate of a testator is so much of his estate as remains undisposed except by the residuary clause of his will, and with respect to which he would have died intestate except for the residuary clause of his will. An examination of testator's will shows that he was possessed by almost a medieval horror of intestacy. In paragraph III, he provides that upon the death of his wife, the 12-acre tract in which he devises her a life estate shall pass to the Bank, as trustee, and become a part of his residuary estate. Again, in paragraph VI, testator is careful to bequeath to the Bank all the rest and residue of his estate. Now, before the 12-acre tract could pass under and by virtue of a residuary clause, properly and understandingly used, it would have to be first applied to the satisfaction of pecuniary legacies. Mrs. Brainerd's right to have the 12-acre tract applied to the payment of her legacy cannot be defeated unless we hold that testator used the term residuary unadvisedly. Again we notice that, in paragraph VI, it is stated: "In the event of the death of my said wife prior to the distribution of this trust fund, then the twelve (12) acres * * * shall pass immediately to said First National Bank in Trust as a part of this trust fund, to be *distributed as above stated*." (Emphasis ours.) Now it is true that the directions with respect to distributing the trust estate which occur most immediately *above*, relates to the distribution to be made to the five children. However, the direction to the Bank to pay to Mrs. Brainerd her legacy at the termination of the trust is in paragraph IV, which is also *above*. To give it the former construction is to defeat the bestowal of a legacy, which the testator could not have intended. To give the latter construction is to reconcile the provisions of the will so that all legacies can be paid. We believe that the court erred with respect to a matter of law in holding that the 12-acre tract cannot be subjected to the payment of the legacy of $5,000 to testator's sister.

A different situation applies to the legacy of $2,500 which testator left for his oldest son. It will be noted that he does not will such property directly to his son, as was the case with respect to the legacies to his wife and sister. On the contrary he wills such legacy to the Bank in trust for his son. But testator is careful to provide that if in the judgment of the Bank this son has not demonstrated that he is capable of handling his own affairs in a business-like manner at testator's death, then the Bank shall hold the legacy for the benefit of said son, "to be paid him at such time, not exceeding ten years from the date of my death, as in the judgment of my said Trustee he shall have demonstrated that he is capable of handling his own affairs in a business-like manner. In the event that my said son shall not have within said period of ten (10) years demonstrated his ability to handle his affairs in a business-like manner, nevertheless, at the end of ten (10) years from my death, said fund shall be paid over to him, together with any revenues accrued thereon." This son died in 1931. It is quite evident, since the money had not been paid to him before his death, that he had not qualified to receive it by showing, in the judgment of the Bank, the requisite capacity to handle his affairs. We cannot say that he would not have qualified to receive the money before the expiration of the ten years, had he lived. But before he acquired the fully developed right to receive his bequest, he was required to do something positive, he must either demonstrate the required ability to handle his own affairs, or he must live for ten years. He did neither.

■ His heirs clearly could not claim the right to be paid his legacy before the expiration of ten years from testator's death, because he had not demonstrated his ability to handle his affairs before such time. On the other hand, his heirs inherited whatever right he had, three years after testator's death. If they were not entitled then to demand and receive their inheritance, they could gain no added right by the lapse of seven years. It was as necessary for the son to live for ten years in order to qualify for his legacy under his father's will as it was to demonstrate business ability if he should receive the legacy before the expiration of ten years. We therefore think that the court correctly

held that the homestead tract was not subject to paying the $2,500 legacy, as it had lapsed.

■ Except as otherwise indicated, the points of appellants are overruled. And, for the reasons given, the court's judgment holding that the 12-acre tract is not subject to being charged with the payment of the $5,000 is reversed, and judgment is here rendered that, subject to the homestead right of Mrs. Estelle Ward which cannot be disturbed, the said 12-acre tract is charged with the payment of the $5,000 legacy. The parties have not fully briefed the point as to the manner in which the "remainder interest" in the 12-acre tract shall be subject to the payment of the $5,000 legacy. In the absence of a more thorough presentation of the authorities, we know of no reason why the remainder interest in the 12-acre tract cannot be sold by the Bank for the best price obtainable, according to the Bank's judgment, and we so hold.

Affirmed in part, and in part reversed and rendered.