MRS. JACKIE BELLE WARD ET AL V. FIRST NATIONAL BANK OF HOUSTON ET AL.

No. 8120. Decided October 20, 1943.
Rehearing overruled November 17, 1943.
(174 S. W., 2d Series, 953.) .

*P. Harvey*, of Houston, for Mrs. Jackie Belle Ward, *A. F. Sundemeyer*, of Houston, for Mrs. Elizabeth Brainerd, petitioners.

It was error for the Court of Civil Appeals to hold that the legacy to testator's son, Albert B. Ward, lapsed because of the death of the said Albert B. Ward, before the expiration of the ten years after the death of testator, without having demonstrated his ability to handle his own affairs in a businesslike manner, as required by the will. Crawford v. Engram, 153 Ala. 420, 45 So. 584; Hall v. Ayers, 105 S. W. 911; Jones v. Hext, 67 S. W. (2d) 441; Steves v. Carroll, 64 Ore. 417, 129 Pac. 1044, L. R. A. 1918E, 1100.

*Fowler & Conn*, of Houston, for John Sanford Ward, *Edward S. Boyles* and *T. E. Richards, Jr.*, both of Houston, for First National Bank, respondents.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

John S. Ward died in April, 1928, leaving a will in which First National Bank of Houston was named independent executor. Shortly thereafter the will was duly admitted to probate in the County Court of Harris County. There was set up in the will a trust estate which was to terminate when the youngest of testator's children became 21 years of age. The time appointed for the termination of the trust having arrived in March, 1941, the Bank came into court in this suit seeking a construction of certain provisions of the will in order that it might be guided in the distribution of so much of the estate as remained undistributed. The will contains many provisions, but same will not be copied here for the reason that the scope of our inquiry is limited by the assignments before us to a construction of only a few provisions of the will, which are copied below.

At the death of testator he left surviving him his wife, Mrs. Estelle Ward, and six children, the oldest of which, Albert B. Ward, being his son by a former marriage. The will undertook to make bequests to the surviving wife, all of the six children and a sister of the deceased. On the day the will was executed the testator assigned and delivered to the Bank, as trustee, eight certain vendor's lien notes, each in the principal sum of $5,-000.00. The trial court held that Albert B. Ward, to whom a special bequest was made, was not a beneficiary in that trust. It further held that tesetator's sister, Mrs. Elizabeth Brainerd, to whom a special bequest was also made, was not a beneficiary therein, but that the five children of testator and his surviving wife were the sole beneficiaries. Such holdings were affirmed by the Court of Civil Appeals and are not challenged here. (169

S. W. (2d) 802). Another holding by the trial court, likewise affirmed by the Court of Civil Appeals and not challenged here, was that the trust created by the testator on the date the will was executed was a living trust; that all interest in, and control over said vendor's lien notes passed from testator upon the delivery thereof to the Bank, and that from and after that date those notes formed no part of his estate and were, therefore, not disposed of by his will. We are not called upon to decide and, therefore, do not decide any of those questions.

The will devised and bequeathed certain property to Mrs. Estelle Ward, testator's surviving wife. She declined to take under the will and elected to claim as survivor of the community. This fact and the further fact that it was held that the title to the Vernon's lien notes, which constituted a large portion of the tesator's estate at the time the will was written, passed out of the estate upon that day and formed no part of same as testator's death, resulted in rendering many of the provisions of the will inapplicable and inoperative and therein has arisen, in a large measure, the difficulty in its construction.

The homestead of testator and his wife, Mrs. Estelle Ward, consisted of 12 acres of land, the separate property of testator. This constitutes the principal remaining asset of the estate and it is burdened with the homestead rights of Mrs. Ward, who is still occupying and using the same as a home. The trial court held that neither Albert B. Ward, testator's eldest son, nor Mrs. Brainerd, testator's sister, was entitled to participate in the distribution of this residue of the estate. In general, it may be stated that that court based its ruling upon two conclusions, first, that the legacy to Albert B. Ward lapsed, and, second, that by the terms of the will the homestead property would, upon the termination of the homestead rights of the widow, become a part of the trust estate and pass to the five children of testator by his second marriage, share and share alike. The Court of Civil Appeals affirmed the trial court's judgment in so far as it held that the legacy bequeathed to Albert B. Ward lapsed, but reversed the trial court's judgment in so far as it held that Mrs. Brainerd was not entitled to share in the proceeds of the sale of the homestead property. Its opinion is published in 169 S. W. (2d) 802.

In considering the holding of the court's below to the effect that the legacy of Albert B. Ward lapsed, these additional facts should be noted: Albert B. Ward died about three years after the death of his father. Petitioner, Jackie Belle Ward, claimed

to have been his common law wife and sole heir, and, as such, to be entitled to the legacy bequeathed to him. It was a fact issue in the trial court as to whether or not she was his common law wife, but that issue was resolved by the jury in her favor. However, recovery was denied her on the ground that the legacy to her husband had lapsed. She filed an application for writ of error challenging the holding that the legacy had lapsed and same was granted.

The provisions of the will with respect to Albert B. Ward are as follows:

"I hereby given and bequeath unto the First National Bank of Houston, Houston, Texas, in trust for my beloved son, Albert B. Ward, the sum of Twenty Five Hundred Dollars ($2500.). In the event that at my death, in the judgment of my said Trustee, my said son has demonstrated that he is capable of handling his affairs in a business-like manner, then my said Trustee is authorized and directed to immediately pay over to my said son said bequest. In the event, however, in the judgment of my said Trustee my said son has not demonstrated that he is capable of handling his own affairs in a business-like manner, then my said Trustee shall hold said fund for the benefit of my said son, to be paid to him at such time, not exceeding ten (10) years from date of my death, as in the judgment of my said Trustee he shall have demonstrated that he is capable of handling his own affairs in a business-like manner. In the event that my said son shall not have within said period of ten (10) years demonstrated his ability to handle his affairs in a business-like manner, nevertheless, at the end of ten (10) years from my death, said fund shall be paid over to him, together with any revenues that may have accrued thereon."

In construing those provisions the opinion of the Court of Civil Appeals employed this language:

"* * * This son died in 1931. It is quite evident, since the money had not been paid to him before his death, that he had not qualified to receive it by showing, in the judgment of the Bank, the requisite capacity to handle his affairs. We cannot say that he would not have qualified to receive the money before the expiration of the ten years, had he lived. But before he acquired the fully developed right to receive his bequest, he was required to do something positive, he must either demonstrate the required ability to handle his own affairs, or he must live for ten years. He did neither.

"His heirs clearly could not claim the right to be paid his legacy before the expiration of ten years from testator's death, because he had not demonstrated his ability to handle his affairs before such time. On the other hand; his heirs inherited whatever right he had, three years after testator's death. If they were not entitled then to demand and receive their inheritance, they could gain no added right by the lapse of seven years. It was as necessary for the son to live for ten years in order to qualify for his legacy under his father's will as it was to demonstrate business ability if he should receive the legacy before the expiration of ten years. We therefore think that the court correctly held that the Homestead Tract was not subject to paying the $2,500.00 legacy, as it had lapsed."

■ The application for writ of error was granted to review that particular holding. The tenative opinion which we then entertained that such holding was incorrect has become our considered opinion. The fact that the will directed that the bequest be placed in the hands of the Bank as Trustee does not militate against the conclusion that the legacy vested upon testator's death. An equitable title may be the subject of a vested right the same as a legal title. The language of the will placed no qualifications upon the legacy itself, but only upon the time of its payment. The enjoyment of the legacy was postponed, but not the vestiture of the equitable title thereto. That conclusion, to our minds, is required by this language:

"In the event that my said son shall not have within said period of ten (10 years demonstrated his ability to handle his affairs in a business-like manner, nevertheless, at the end of ten (10) years from my death, said fund shall be paid over to him, together with any revenues that may have accrued thereon."

The effect of that provision is that the beneficial interest should attach at once, but that the full enjoyment thereof might be postponed for a period not exceeding ten years. Had the testator not intended that the equitable title should vest at once in his son, he doubtless would not have provided for the paymeny to him of the revenues derived from the legacy during that period in which the legal title vested in the trustee. The legacy having vested, it passed upon the death of Albert B. Ward to his sole heir, Mrs. Jackie Belle Ward. Caples v. Ward, 107 Texas 341, 179 S. W. 856; Walker v. Thornton, 124 S. W. 166 (Error Refused) ; Giraud v. Crockett, 142 S. W. (2d) 243 (Error Refused) ; Jones v. Hext, 67 S. W. (2d) 441; Hall v. Ayer's Guardian (Ky.) 105 S. W. 911.

■ The five children of testator by his second marriage also filed an application for writ of error challenging the holding of the Court of Civil Appeals that Mrs. Elizabeth Bainerd, testator's sister, was entitled to have her bequest paid from the proceeds of the sale of the homestead property. Their application was granted because of the granting of the application of Mrs. Jackie Bell Ward. While the act of Mrs. Ward in declining to accept under the will and the holding that the will did not operate upon that portion of the estate represented by the vendor's lien notes have created some uncertainty as to what property is subject to the bequest to Mrs. Brainard, we are well convinced that the Court of Civil Appeals correctly disposed of this question. Its opinion is published, as above cited, and any writing which we might do with reference thereto would be but a re-statement in our language of what was written in that opinion upon this question. We, therefore, approve that portion of such opinion by reference without further discussion.

The opinion of the Court of Civil Appeals directed the Bank to sell the remainder interest of the estate in the twelve acre homestead tract without waiting until the homestead rights of the widow expire. That holding is not challenged here and will, therefore, not be disturbed. The proceeds of such sale should be applied to the payment of the balance of the bequest to Mrs. Brainerd and also to the bequest of Albert B. Ward, which has passed to Mrs. Jackie Belle Ward, his surviving wife, and the remainder, if any, to the five children of testator by his second marriage.

A claim is made by Mrs. Jackie Belle Ward that the amount of the bequest to Albert B. Ward be increased so as to include all earnings made on said bequest. That will be denied. It is not shown that any earnings have accrued thereon. The only earnings, if any, were upon the trust fund, and it has been held that Albert B. Ward was not a beneficiary thereunder.

It is ordered that the judgment of the Court of Civil Appeals be affirmed in part and reversed and rendered in part.

Opinion adopted by the Supreme Court October 20, 1943.

Rehearing overruled November 17, 1943.