**Minda HOLLIDAY et al., Appellants,**

v.

**Henry Vivian SMITH, Appellee.**

**No. 514.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 27, 1970.

Rehearing Denied Sept. 24, 1970.

**108**

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Foreman, Dyess, Prewett, Henderson & Cantey, Craig C. Cantey, Jr., Houston, for appellee.

## OPINION

NYE, Justice.

This case involves the construction of the last will of H. W. Smith. The trial court severed the plea for the construction of the will from the other relief sought. It is from the finding of the trial court that the will was unambiguous, that this appeal has been perfected. The will in question has been the subject of prior litigation wherein the same parties were before this Court on a will contest.[1]

The decedent's son, appellee, was the principal beneficiary under the will. He was the named independent executor and qualified as such. After judgment was entered appellee died before the appeal was taken. The cause was not abated and is properly before us. Rule 369a, Texas Rules of Civil Procedure.

Appellants' five points center around the error of the trial court in refusing to hold that certain provisions in the will were ambiguous. It is a general rule of will construction that the intent of the testator is to be ascertained from a full view of everything within the will; "from its four corners". Therefore in order that the will not be construed per parcella, but in its entirety, we copy herein the entire will excepting its formal parts. Omitting then the first three and last paragraphs it provided as follows:

"IV.

I hereby appoint Henry Vivian Smith, my son, executor under this will and of my estate and direct that no bond shall be required of him. In the event of the

---

1. Holliday v. Smith, 422 S.W.2d 791 (Tex.Civ.App.—Corpus Christi 1967, n. r. e.).

death or inability of Henry Vivian Smith, or should he refuse to act or resign, then I appoint Vivian Felver, my granddaughter, executrix under this will and of my estate and direct that no bond shall be required of her. My said executor or executrix, as the case may be, shall have full power and authority to sell any part or parts, real or personal, of my estate for cash or on terms of credit and for such consideration or considerations as such executor or executrix, as the case may be, may deem advisable.

### V.

I give and bequeath to my son, Henry Vivian Smith, all cash, notes, bonds and any and all other personal property owned by me at the time of death.

### VI.

I give and devise to A. T. Barefield, for and during his natural life, an undivided one-half (½) interest in the following described real estate, to-wit:

1. 42.78 acre tract (the legal description omitted for brevity.)

2. 79.49 acre tract (the legal descrip tion omitted for brevity.)

Upon the death of said A. T. Barefield, I give and devise the same to my son, Henry Vivian Smith, and the same shall vest in him in fee simple absolutely.

### VII.

I give and devise to my son, Henry Vivian Smith, in fee simple absolutely, and undivided one-half (½) interest in the following described real estate, to-wit:

1. 42.78 acre tract (the legal description omitted for brevity but same as VI. 1. above)

2. 79.49 acre tract (the legal description omitted for brevity but same as VI. 2. above)

### VIII.

I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, wherever situate and whether acquired before or after the execution of this will, to my son and granddaughters as follows:

To my son, Henry Vivian Smith, an undivided one-half (½) interest

To my granddaughter, Vivian Felver, an undivided one-fourth (¼) interest

To my granddaughter, Minda Holloway, an undivided one-fourth (¼) interest"

Appellants argue under their first point, that the court erred in granting the motion for summary judgment because appellee failed to attach a certified copy of the will to his motion; therefore they contend, the appellee failed to meet the burden required under his motion for summary judgment.

The will of H. W. Smith, although not attached to appellee's motion, was before the trial court and before this Court. The appellants themselves adopted the will by reference in their answer to the motion for summary judgment. The appellants copied the will in its entirety in their brief. The appellee attached a copy of the will that make up the thrust of appellants' case on appeal. This point is overruled.

Appellants contend that the three following various provisions of the will of H. W. Smith are ambiguous, repugnant and inconsistent with each other.

1. The provisions in Paragraph VII which read as follows: "VII. I give and devise to my son Henry Vivian Smith in fee simple absolutely, *and* undivided one-half interest in the following described real estate, to-wit:" (The land described is the same land described in Subdivisions 1 and 2 of Paragraph No. VI.)

2. "V. I give and bequeath to my son, Henry Vivian Smith, all cash, notes, bonds

and any and all other personal property owned by me at the time of death."

The above provision compared with Paragraph VIII which reads as follows: "VIII. I give, devise and bequeath all the rest, residue and remainder of my property, real and *personal, wherever situated and whether acquired before or after the execution of this Will,* to my son and granddaughters * * *" etc.

3. The first two lines of Paragraph VI which reads as follows: "VI. I give and devise to A. T. Barefield for and during his natural life an undivided one-half interest in the following described real estate, to-wit:" (Land described is same as land described in VII.). Then the last two lines of Paragraph VI reads as follows: "Upon the death of said A. T. Barefield, I give and devise *the same* to my son, Henry Vivian Smith and *the same* shall vest in him in fee simple absolutely." (Emphasis supplied)

In the provision set forth in "1" above, appellants argue that the word "and" makes the sentence confusing and ambiguous. Appellants contend that they should be allowed to offer evidence as to the meaning of the paragraph. There were no affidavits attached to appellant's answer in opposition to the motion for summary judgment. Even so, such purported extensive evidence would not have been admissible to aid the construction of an unambiguous will.

■ The word "and" is used as a function to indicate connecting words. Here the words in the sentence on either side of the word "and", are not of the same class or type. There is no need to join or connect the word "absolutely", with the word "undivided". The word "a" and the word "an" are also functional words used in standard writing. Normally "a" is used grammatically before words beginning with a consonant sound. Whereas "an" is invariably used before words beginning with a vowel letter. Therefore, the proper word before undivided would be "an". Even

though the words and—an are idem sonantes and the attentive ear finds difficulty in distinguishing them when pronounced, a reading, of the paragraph clearly shows that "and" was a typographical error. The testator intended to say "an" in this instance the same as he has used an in other provisions in his will. It has always been permissible to look beyond grammatical form and typographical errors to read and learn the true meaning of a provision in a will.

■■ Wills are accorded a liberal construction. Since the form used should be subordinated to the substance, considerable latitude is permitted in respect to the informality with which the testator may have expressed his intention, and allowance is made for awkwardness in the use of words and in the structure of sentences. 61 Tex. Jur.2d Wills p. 252, § 130. All rules to the contrary should be disregarded when their observance would result in a construction at variance with the obvious intention of the testator as disclosed by the entire instrument. See 61 Tex.Jur.2d Wills p. 302, § 172.

The contention relative to "2" above when read in the light of the whole will clearly indicates that the testator desired to give the fruits of his bounty to his son. The first specific clause within the will making testamentary disposition of a part of his property, was to his son. Other specific devises, favored his son. He named him executor. Appellants argue that the testator could not have given his entire personal property to his son in one provision, and at the same time make a contradictory provision under the residuary clause to include only one half of his personal property acquired before (or after) the making of the will to his son. They contend that there is an irreconcilable conflict between this earlier clause and the later clause in the will. To this they say that the law is that the earlier clause must give way to the later clause which prevails as the last expression of the testator's intent on the particular subject. Citing Stan-

ley v. Henderson, 162 S.W.2d 95 (Tex. Comm'n App.—1942); Martin v. Dial, 57 S.W.2d 75 (Tex.Comm'n App.1933); Hunt v. Carroll, 157 S.W.2d 429 (Tex.Civ.App.—Beaumont, 1941). These cases are distinguishable.

The later clause referred to by the appellants is in the residuum. It must be presumed that the terms "rest and residue" were used in their normal, usual sense, with the result that nothing would pass to the residuary devisees until all prior requests, debts, and expenses of administration had been paid. By definition the residuary estate of a testator is so much of his estate as remains undisposed except by the residuary clause of his will. For instance it is well settled that where a testator, after bequeathing pecuniary legacies, gives the residue of his real and personal estate to named beneficiaries, the legacies are a charge on, or are payable out of residuary estate and may even be paid out of realty passing under the residuary clause. Brainerd v. First National Bank, 169 S.W.2d 802 (Tex.Civ.App.—Galveston 1943), reversed in part on other grounds 141 Tex. 558, 174 S.W.2d 953.

It is also a well settled rule of construction that when the words of the will in the first instance distinctly indicate an intent to make a clear gift, (such as we have before us) such gift is not to be cut down by any subsequent provision which is not as distinct as the former. " * * * It is no doubt true that, when an estate is given in one part of a will, in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. * * *" Haring v. Shelton, 114 S.W. 389 (Tex.Civ.App.—Galveston 1908). Affirmed 103 Tex. 10, 122 S.W. 13 (1909).

If special bequests to the granddaughters had been intended, no reason is seen, and none is suggested for placing the obligations in the residuum. It would have been an easy matter for the testator to have disposed of this property specifically, in prior sections of the will as he did other property. Williams v. Smith, 146 Tex. 269, 206 S.W.2d 208 (1947); Winfree v. Winfree, 139 S.W. 36 at 41 (Tex.Civ.App.—Galveston 1911, writ ref.).

Appellants' contentions as to paragraph 3 above, calls for an unnatural construction of the will. The appellants argue that under Section VI of the will that the word "same" refers to the life estate devised to A. T. Barefield, instead of referring to the two tracts of land as contended by the appellee. "Same" could not refer to the same life estate granted to Barefield as that estate terminated forever upon Barefield's death. After granting the life estate to Barefield and describing the land involved, the testator was making a disposition of the remainder of the undivided interest in the two tracts of land. In the first part of paragraph VI the testator gave and devised a one-half interest in the certain described land to Barefield for the term of his natural life. Thereafter he says that "Upon the death of said A. T. Barefield I give and devise *the same* to my son Henry Vivian Smith and *the same* is vested in him in fee simple absolutely." (Emphasis supplied.) It is clear the testator was referring to the property that he described, and not to excessive life estates. The construction given to this provision, which gives the son the remaining undivided one-half interest in these two tracts of land following the life estate, is reenforced by the next paragraph which devises to the son the other one-half interest in the same two tracts of land. The natural effect of these two paragraphs without a constrained construction gave his son an undivided interest in the property outright at the time of his death, and the other undivided one-half of the same property after the death of A. T. Barefield.

Finally, the purpose of the residuary clause is to make a complete testamentary disposition of all of testator's estate so that there is nothing left to pass

as intestate property. See 96 C.J.S. Wills §§ 799–800, pp. 222–229. The residuary clause (Paragraph VIII) devised the remaining real property belonging to the testator in the following undivided interests: The Appellee, one half (½); Appellant Vivian Felver, one fourth (¼); and Appellant Minda Holloway, one fourth (¼).

Appellants' fifth point of error complains that the court failed to make mention of any legal interpretation or construction of the will, or define the various legal interests in the several properties which vested in the devisees. Everything other than the construction of the will was severed and is not before us. Appellants' pleadings sought primarily a construction of the will. The pleadings were sufficient to bring the case within the purview of the uniform declaratory judgment act. Art. 2524–1, Vernon's Ann.Civ.St. The trial court's judgment in effect, denied such relief. Our courts have jurisdiction to construe wills under the act and have the duty to do so as a relief from uncertainty and insecurity. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709 (1945); Guilliams v. Koonsman, 154 Tex. 401, 279 S.W. 2d 579 (1955). We believe the trial court should have rendered judgment declaring the rights under the will as we set out in this opinion. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958); Rule 434, T.R.C.P.

The judgment of the trial court is accordingly reversed in part and declaratory judgment is rendered construing the will as hereinabove set out.

## GREEN, Chief Justice (concurring).

I agree with my brother justices that the trial court was in position on motion for summary judgment to construe the dispositive provisions of the will and render summary judgment stating the interests of the parties in and to the bequeathed property. I agree that such declaratory judgment should have been rendered. Art. 2524–1, V.A.T.S. This Court has before it sufficient established facts to render such judgment. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579 (quoted in Justice Sharpe's opinion).

As I construe the original opinion of my colleague Justice Nye and the concurring opinion of my colleague Justice Sharpe, they agree substantially on the declaratory judgment that should be entered construing the dispositive paragraphs of the will. I concur with them that we should reverse the judgment of the trial court in so far as it fails to render declaratory judgment construing such provisions of the will, and that we should render judgment that:

(1) All personal property of the deceased passed to appellee (Par. V of the will.)

(2) An undivided one-half interest in fee simple to the specific real estate described in Paragraphs VI and VII passed to appellee Henry Vivian Smith at the time of testator's death, and the fee simple title to the other undivided one-half of such real property passed to appellee on the death of the life tenant A. T. Barefield.

(3) The remaining real property (if any) of the testator (not including that specifically described in Pars. VI and VII) was devised by the residuary clause (Par. VIII) in undivided interests as follows: Henry Vivian Smith (appellee) one-half; appellant Vivian Felver, one-fourth; and appellant Minda Holloway (Holliday), one-fourth.

## SHARPE, Justice (concurring).

This appeal is from a summary judgment adverse to appellants rendered in a severed portion of a suit brought by appellants against appellee involving the Last Will and Testament of H. W. Smith, deceased. Appellants assert five points of error.

I agree with appellants that the judgment of the trial court should be reversed to the extent that it denied rendition of a

declaratory judgment construing the Last Will and Testament of H. W. Smith, deceased. Declaratory judgment should be rendered as hereinafter set out in this opinion.

In the instant case the summary judgment record consists of the pleadings of the parties, including appellants' petition (which quotes Paragraphs V, VI, VII and VIII of the will), appellee's answer, appellee's motion for summary judgment and appellants' reply thereto, appellee's motion for severance, appellants' objections thereto, the order granting a severance, and the judgment.

Appellants, as plaintiffs, filed this suit seeking generally the following relief: (1) They alleged that the dispositive provisions of the will in question were ambiguous and in conflict one with another, and sought a declaratory judgment which would state the interests in and to realty between the parties; (2) plaintiffs sought an accounting for revenues and expenditures dependent on ownership of realty; (3) they sought a partition of the realty which they alleged was devised to the parties as tenants in common. Appellee's answer included special exceptions, a general denial and allegations to the effect that the will of H. W. Smith, deceased, was plain and unambiguous, that the intention of the testator was clearly and unequivocally expressed and should be determined from the plain language of the will itself and there should be no other evidence of an extrinsic or parol nature introduced.

Appellants argue, principally under their point 5, that the trial court should have made an adjudication and rendered a judgment "either denying or granting the relief sought by appellants." Appellee says "In any event, if the District Court did erroneously fail to enter a Declaratory Judgment of sufficient specificity and the only issue being before the Court construction of the will, it is the duty of the Court of Civil Appeals to render judgment which should have been rendered by the District Court, citing Forbes v. Texas Department

of Public Safety, 335 S.W.2d 439 (Tex. Civ.App.1960)."

Article 2524–1, V.A.C.S. (Uniform Declaratory Judgments Act) reads in part:
"Sec. 2. Any person interested under a * * *, will, * * * whose rights, status, or other legal relations are affected * * * may have determined any question of construction or validity arising under the instrument, * * * and obtain a declaration of rights, status, or other legal relations thereunder."

*   *   *   *   *   *

"Sec. 4. Any person interested as * * * devisee, legatee * * * or cestui que trust, in the administration of a trust, or of the estate of a decedent, * * * may have a declaration of rights or legal relations in respect thereto:

(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

*   *   *   *   *   *

"Sec. 12. This Act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

In Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 583 (1955), the Supreme Court held in part as follows:

"Petitioner also assigns error to the failure or refusal of the trial court and the Court of Civil Appeals to define the word 'issue' as used in the fourth paragraph of the will. While the pleadings of the parties sought, primarily, a construction of the fourth paragraph of the will, they appear to us adequate to bring the case under Article 2524–1, Vernon's Annotated Texas Civil Statutes, the Uniform Declaratory Judgments Act. The Act itself provides that it shall be liberally construed. This Court has followed the admonition. In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 713, 172 A.L.R.

837, we quoted with approval from Anderson's Actions for Declaratory Judgments in which it is said that the action for declaratory judgment ' "is an instrumentality to be wielded in the interest of preventative justice and its scope should be kept wide and liberal and should not be hedged about by technicalities" '.

In many jurisdictions a declaratory judgment defining future interests in property will not be granted. In others, the granting of such a judgment is held to be discretionary with the trial judge. National Shawmut Bank v. Morey, 320 Mass. 492, 70 N.E.2d 316, 174 A.L.R. 880, et seq. The cases so holding, however, appear to be cases in which the interest sought to be defined was not connected with or related to another interest concerning which there was a present justiciable controversy. Cousins v. Cousins, Tex.Civ.App., 42 S.W.2d 1043, writ refused, cited and relied upon by the Court of Civil Appeals in this case fits into that category. In this case there was a present justiciable controversy with respect to the nature of the estate devised by paragraph four to Alvin Koonsman, and we think a liberal interpretation of the Act entitled the parties to have the remaining language of the paragraph construed in order to prevent a multiplicity of suits, even though an actual justiciable issue with respect to the remaining language has not arisen and may never arise. * * *"

In City of Corpus Christi v. Coleman, 262 S.W.2d 790, 793 (Tex.Civ.App., San Antonio, 1953, n. w. h.), the Court speaking through Chief Justice Murray, held in part:

"Our courts have jurisdiction to construe wills by reason of the Uniform Declaratory Judgment Act, Art. 2524–1, Vernon's Ann.Civ.Stats., and, for that matter, had such jurisdiction even before

such act. Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, affirmed, 147 Tex. 181, 214 S.W.2d 462; Mason & Mason v. Brown, Tex.Civ.App., 182 S.W.2d 729.

In Stewart v. Shelton, 356 Mo. 258, 201 S.W.2d 395, at page 398, the Court said:

'The declaratory judgment statutes are remedial in character. It is their purpose to afford relief from uncertainty and insecurity. They contemplate judgments which stabilize and determine rights. We are admonished by such statutes that they are to be liberally construed. Respondents had a right to and did choose the form of their action, and that form is agreeable to the law for the issues presented. * * *' "

The record was sufficient to being the case within Art. 2524–1, V.A.C.S., the Uniform Declaratory Judgments Act. However, the trial court refused to render a declaratory judgment, and thus did not declare the rights, status or legal relations arising under the will, as is provided for under Art. 2524–1, V.A.C.S. The remaining portion of the judgment is no more than a holding "that there is nothing repugnant, ambiguous or inconsistent in any of the provisions of the last will and testament of H. W. Smith, Deceased."

It appears that the trial judge erred in refusing to render declaratory judgment and that he could have granted such relief and declared the rights, status and legal relations arising under the will so as to avoid uncertainty and to furnish guidance in connection with the matters remaining for disposition in the severed portion of the case. However, the holdings and declarations which could have been made and which this Court can make, by reforming the judgment, are favorable to appellee and contrary to the contentions made by appellants under their points one through four.

Paragraphs V, VI, VII and VIII of the will read as follows (with the legal descriptions of real estate omitted, as noted):

"V.

I give and bequeath to my son, Henry Vivian Smith, all cash, notes, bonds and any and all other personal property owned by me at the time of death.

VI.

I give and devise to A. T. Barefield, for and during his natural life, an undivided one-half (½) interest in the following described real estate, to-wit:

1. 42.78 acres * * * of land * * * situated in Goliad County, Texas * * * (legal description contained in will but omitted here).

2. 79.49 acres * * * of land * * * situated in Goliad County, Texas * * * (legal description contained in will but omitted here).

Upon the death of said A. T. Barefield, I give and devise the same to my son, Henry Vivian Smith, and the same shall vest in him in fee simple absolutely.

VII.

I give and devise to my son, Henry Vivian Smith, in fee simple absolutely, and undivided one-half (½) interest in the following described real estate, to-wit:

1. 42.78 acres (the legal description same as VI. 1. above)

2. 79.49 acres (the legal description same as VI. 2. above)

VIII.

I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, wherever situate and whether acquired before or after the execution of this will, to my son and granddaughters as follows:

To my son, Henry Vivian Smith, an undivided one-half (½) interest

To my granddaughter, Vivian Felver, an undivided one-fourth (¼) interest

To my granddaughter, Minda Holloway, an undivided one-fourth (¼) interest".

None of the contentions made by appellants under their points one through four reflect any repugnancy, inconsistency or ambiguity which prevents ascertainment of the testator's intention. Such points should be overruled.

However, to the extent hereinafter set out, appellants' point five, concerning declaratory judgment should be sustained. The judgment of the lower court should be reversed as to the refusal to render declaratory judgment and such relief should be granted as follows:

1. Paragraph V of the will constitutes a specific bequest to appellee of all personal property belonging to the testator. Hence, there was no personal property remaining which would pass under Paragraph VIII, the residuary clause of the will.

2. Paragraph VI of the will constitutes a specific devise of a one-half undivided interest in and to the real property therein described (aggregating 122.27 acres) to appellee, subject to a life estate in A. T. Barefield. Otherwise stated, Barefield was entitled to a life estate in such real estate, with remainder in fee simple devised to appellee.

3. Paragraph VII constitutes a specific devise of *the other one-half undivided interest* in and to the real property therein described (being the same property also described in Paragraph VI of the will) to appellee in fee simple.

4. Under Paragraph VIII (the residuary clause) of the will, the remaining real property of the testator (not including that specifically devised to appellee in Para-

**116**

graphs VI and VII) was devised to appellee to the extent of a one-half undivided interest, to Vivian Felver (Felder) to the extent of a one-fourth undivided · interest, and to Minda Holloway (Holliday) to the extent of a one-fourth undivided interest.

In connection with the holdings in the immediately preceding paragraphs numbered 1 through 4 see Haring v. Shelton, 114 S.W. 389, affirmed 103 Tex. 10, 122 S.W. 13 (1909); Williams v. Smith, 146 Tex. 269, 206 S.W.2d 208 (1947); Heller v. Heller, 114 Tex. 401, 269 S.W. 771 (1925); 61 Tex.Jur.2d, Wills, §§ 137–148, pages 257–274.

The questions of accounting for revenue and expenditures and of partition are not before us on the instant appeal because they are part of the severed proceeding which remains for disposition in the trial court.

The judgment of the lower court should be reversed in part (in which result I concur for the reasons stated in this opinion) and declaratory judgment rendered as hereinabove set out in paragraphs numbered 1–4.