**Opinion filed January 12, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00021-CV

_____

## IN THE MATTER OF THE ESTATE OF RICHARD R. BLOOMER, DECEASED

**On Appeal from the County Court at Law No. 2**

**Taylor County, Texas**

**Trial Court Cause No. 25,646**

### MEMORANDUM OPINION

This is an appeal from the trial court's denial of a petition for bill of review filed by Carol Bloomer Nelson, the independent executrix of the estate of Richard R. Bloomer, deceased. In the petition for bill of review, Nelson challenged the judgment declaring heirship. Nelson presents two issues on appeal in which she contends that the judgment declaring heirship contained erroneous provisions regarding the portion of the estate passing by intestacy and the necessity for an administration of the estate. Because we agree, we reverse and remand.

Richard R. Bloomer left a will making various specific bequests to his two children, Carol Bloomer Nelson and Charles Richard Bloomer, and general bequests of $800,000 to his grandchildren ($400,000 to Nelson's children and $400,000 to Charles's children). After the will had been admitted to probate and during the administration of the estate, it was determined that

Richard R. Bloomer died partially intestate because his will did not contain a residuary clause. At the request of Nelson, the trial court held an heirship proceeding and determined that Nelson and Charles were the proper heirs at law and that each were entitled to a 50% share.[1] The judgment declaring heirship incorporated an exhibit listing real property and personal property, valued at $2,616,089, "which passed by intestacy." The judgment also stated that "no necessity exists for the administration of this Estate." Nelson subsequently filed a petition for bill of review to modify the judgment declaring heirship because it effectively disinherited the grandchildren and altered the will's provision regarding the independent administration of the estate. Charles opposed the petition for bill of review. The trial court held a hearing and then entered an order denying the petition for bill of review. In that order, the trial court acknowledged that the judgment declaring heirship "is not correct and cannot stand as signed but that the issues will be litigated one time and one time only and we will not at this point reconsider this decision."

The Texas Probate Code provides that a bill of review may be filed in the probate court to revise or correct an erroneous decision, order, or judgment rendered by that court. TEX. PROB. CODE ANN. § 31 (West 2003). In an appeal from the denial of a statutory bill of review filed pursuant to Section 31, an appellate court must determine whether an interested person timely filed a bill of review and showed substantial error. *Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.); *McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989, writ denied); *Westchester Fire Ins. Co. v. Nuckols*, 666 S.W.2d 372 (Tex. App.—Eastland 1984, writ ref'd n.r.e.); *see also Nadolney v. Taub*, 116 S.W.3d 273, 278–82 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In the present case, it is undisputed that Nelson is an interested person and that she timely filed the petition for bill of review. Thus, the only disputed element is whether Nelson showed substantial error.

Based upon our review of the record and the applicable law, we conclude that Nelson has shown substantial error and that the judgment declaring heirship should have been revised and corrected by the trial court in the bill-of-review proceeding. The judgment declaring heirship was erroneous in two respects: the inclusion of the language regarding administration of the

---

[1]*See* TEX. PROB. CODE ANN. § 48 (West Supp. 2011).

estate and the incorporation of the exhibit that listed $2,616,089 worth of property as passing by intestacy.

The record shows that the administration of the estate was ongoing and that, in his will, Richard R. Bloomer specifically provided for the independent administration of his estate and designated Nelson as the independent executrix. With respect to the issue before us, we hold that the trial court erred by including in the judgment declaring heirship a provision that no administration was necessary; that provision was contrary to the will and also had the effect of entitling Charles to immediately enforce his "right to payment, delivery, or transfer by suit" even though the testamentary bequests to the grandchildren had not yet been satisfied. TEX. PROB. CODE ANN. § 55(c) (West 2003).[2] The record reflects that Charles relied on the judgment declaring heirship when he filed a separate lawsuit against Nelson for breach of fiduciary duty and constructive trust based, in part, upon Nelson's actions in taking possession of and allegedly misappropriating the assets that "passed not under the Will but under the Texas law of intestacy" and "amount[ed] to more than $2,600,000.00 in value" as set out in the judgment declaring heirship. Those claims are not before us in this appeal.

A judgment declaring heirship "shall declare the names and places of residence of the heirs of the decedent, and their respective shares and interests in the real and personal property of such decedent." *Id.* § 54. Richard R. Bloomer died partially testate; therefore, the judgment declaring heirship should have been limited to intestate matters. Instead, the judgment declaring heirship had the impermissible effect of altering testate matters by specifying that all of the property listed in the exhibit "passed by intestacy" to the heirs at law—even though the testamentary bequests to the grandchildren had not yet been funded. The property listed in the exhibit constituted all of the property remaining after the specific, testamentary bequests to Charles and to Nelson had been satisfied, without regard for the testamentary bequests to the

---

[2]Section 55(c) provides:

> If the court states in its judgment that there is no necessity for administration on the estate, such recital shall constitute authorization to all persons owing any money to the estate of the decedent, or having custody of any property of such estate, or acting as registrar or transfer agent of any evidence of interest, indebtedness, property, or right belonging to the estate, and to persons purchasing from or otherwise dealing with the heirs as determined in the judgment, to pay, deliver, or transfer such property or evidence of property rights to such heirs, or to purchase property from such heirs, without liability to any creditor of the estate or other person. Such heirs shall be entitled to enforce their right to payment, delivery, or transfer by suit.

grandchildren or the various expenses and taxes. Generally, nothing passes to the residuary devisees until all prior bequests, debts, and expenses of administration have been paid. *Holliday v. Smith*, 458 S.W.2d 106, 111 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.).

In his brief, Charles urges that the judgment declaring heirship did not purport to define or determine the residue. We disagree. The judgment specifically described and incorporated all of the property that "passed by intestacy." The only portion of Richard R. Bloomer's estate that passed by intestacy was the residue. The incorporation of the exhibit into the judgment declaring heirship caused the intestate estate (the residue) to be determined prematurely and, as asserted by Nelson, had the effect of disinheriting the grandchildren. Because the errors in the judgment declaring heirship were substantial errors, the trial court erred in denying the petition for bill of review. We sustain the issues on appeal.

The order denying the petition for bill of review is reversed, and this cause is remanded to the trial court so that the trial court may revise or correct the judgment declaring heirship in a manner consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


January 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4