Opinion filed January 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00021-CV

                                                    __________

 

IN THE MATTER OF THE ESTATE OF RICHARD R. BLOOMER,
DECEASED



 

                              On
Appeal from the County Court at Law No. 2

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 25,646

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from the trial court’s denial of a petition for bill of review
filed by Carol Bloomer Nelson, the independent executrix of the estate of
Richard R. Bloomer, deceased.  In the petition for bill of review, Nelson
challenged the judgment declaring heirship.  Nelson presents two issues on
appeal in which she contends that the judgment declaring heirship contained erroneous
provisions regarding the portion of the estate passing by intestacy and the
necessity for an administration of the estate.  Because we agree, we reverse
and remand.  

            Richard
R. Bloomer left a will making various specific bequests to his two children,
Carol Bloomer Nelson and Charles Richard Bloomer, and general bequests of
$800,000 to his grandchildren ($400,000 to Nelson’s children and $400,000 to
Charles’s children).  After the will had been admitted to probate and during
the administration of the estate, it was determined that Richard R. Bloomer
died partially intestate because his will did not contain a residuary clause. 
At the request of Nelson, the trial court held an heirship proceeding and
determined that Nelson and Charles were the proper heirs at law and that each
were entitled to a 50% share.[1] 
The judgment declaring heirship incorporated an exhibit listing real property
and personal property, valued at $2,616,089, “which passed by intestacy.”  The
judgment also stated that “no necessity exists for the administration of this
Estate.”  Nelson subsequently filed a petition for bill of review to modify the
judgment declaring heirship because it effectively disinherited the grandchildren
and altered the will’s provision regarding the independent administration of
the estate.  Charles opposed the petition for bill of review.  The trial court
held a hearing and then entered an order denying the petition for bill of
review. In that order, the trial court acknowledged that the judgment declaring
heirship “is not correct and cannot stand as signed but that the issues will be
litigated one time and one time only and we will not at this point reconsider
this decision.”

The
Texas Probate Code provides that a bill of review may be filed in the probate
court to revise or correct an erroneous decision, order, or judgment rendered
by that court.  Tex. Prob. Code Ann. §
31 (West 2003).  In an appeal from the denial of a statutory bill of review
filed pursuant to Section 31, an appellate court must determine whether an
interested person timely filed a bill of review and showed substantial error.  Buck
v. Estate of Buck, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no
pet.); McDonald v. Carroll, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989,
writ denied); Westchester Fire Ins. Co. v. Nuckols, 666 S.W.2d 372 (Tex.
App.—Eastland 1984, writ ref’d n.r.e.); see also Nadolney v. Taub, 116
S.W.3d 273, 278–82 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  In the
present case, it is undisputed that Nelson is an interested person and that she
timely filed the petition for bill of review.  Thus, the only disputed element
is whether Nelson showed substantial error. 

Based
upon our review of the record and the applicable law, we conclude that Nelson
has shown substantial error and that the judgment declaring heirship should
have been revised and corrected by the trial court in the bill-of-review
proceeding.  The judgment declaring heirship was erroneous in two respects: the
inclusion of the language regarding administration of the estate and the
incorporation of the exhibit that listed $2,616,089 worth of property as
passing by intestacy.   

 
The record shows that the administration of the estate was ongoing and that, in
his will, Richard R. Bloomer specifically provided for the independent
administration of his estate and designated Nelson as the independent
executrix.  With respect to the issue before us, we hold that the trial court
erred by including in the judgment declaring heirship a provision that no
administration was necessary; that provision was contrary to the will and also had
the effect of entitling Charles to immediately enforce his “right to payment,
delivery, or transfer by suit” even though the testamentary bequests to the
grandchildren had not yet been satisfied.  Tex.
Prob. Code Ann. § 55(c) (West 2003).[2]
 The record reflects that Charles relied on the judgment declaring heirship
when he filed a separate lawsuit against Nelson for breach of fiduciary duty
and constructive trust based, in part, upon Nelson’s actions in taking
possession of and allegedly misappropriating the assets that “passed not under
the Will but under the Texas law of intestacy” and “amount[ed] to more than
$2,600,000.00 in value” as set out in the judgment declaring heirship.  Those
claims are not before us in this appeal.  

A
judgment declaring heirship “shall declare the names and places of residence of
the heirs of the decedent, and their respective shares and interests in the
real and personal property of such decedent.”  Id. § 54.  Richard R.
Bloomer died partially testate; therefore, the judgment declaring heirship
should have been limited to intestate matters.  Instead, the judgment declaring
heirship had the impermissible effect of altering testate matters by specifying
that all of the property listed in the exhibit “passed by intestacy” to the heirs
at law—even though the testamentary bequests to the grandchildren had not yet
been funded.  The property listed in the exhibit constituted all of the
property remaining after the specific, testamentary bequests to Charles and to
Nelson had been satisfied, without regard for the testamentary bequests to the
grandchildren or the various expenses and taxes.  Generally, nothing passes to
the residuary devisees until all prior bequests, debts, and expenses of
administration have been paid.  Holliday v. Smith, 458 S.W.2d 106,
111 (Tex. Civ. App.—Corpus Christi 1970, writ ref’d n.r.e.).  

In
his brief, Charles urges that the judgment declaring heirship did not purport
to define or determine the residue.  We disagree.  The judgment specifically
described and incorporated all of the property that “passed by intestacy.”  The
only portion of Richard R. Bloomer’s estate that passed by intestacy was the
residue.  The incorporation of the exhibit into the judgment declaring heirship
caused the intestate estate (the residue) to be determined prematurely and, as
asserted by Nelson, had the effect of disinheriting the grandchildren.  Because
the errors in the judgment declaring heirship were substantial errors, the
trial court erred in denying the petition for bill of review.  We sustain the
issues on appeal.  

The
order denying the petition for bill of review is reversed, and this cause is
remanded to the trial court so that the trial court may revise or correct the
judgment declaring heirship in a manner consistent with this opinion.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 12, 2012

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J. 









[1]See
Tex. Prob. Code Ann. § 48 (West Supp.
2011).

 





[2]Section 55(c) provides: 

 

If the court states in its judgment that
there is no necessity for administration on the estate, such recital shall
constitute authorization to all persons owing any money to the estate of the
decedent, or having custody of any property of such estate, or acting as
registrar or transfer agent of any evidence of interest, indebtedness,
property, or right belonging to the estate, and to persons purchasing from or
otherwise dealing with the heirs as determined in the judgment, to pay,
deliver, or transfer such property or evidence of property rights to such
heirs, or to purchase property from such heirs, without liability to any
creditor of the estate or other person.  Such heirs shall be entitled to
enforce their right to payment, delivery, or transfer by suit.