# NO. 12-08-00429-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***BEULAH Y. GRISHAM, JAMES A. YOUNG, AND JEWEL (JUDY) O'GLEE, APPELLANTS*** | § | ***APPEAL FROM THE 159TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT OF*** |
| ***BETTY LAWRENCE, BARBARA ALLEN, JAMES C. YOUNG, LAURA JONES, DEBORAH YOUNG, PAULA WARREN, SUZANNE DUNCAN, RICHARD WILLEY, SCOTT MCQUISTION, JOY MCCUE, MARSHA MOORE, ROBERT MCQUISTION, MARILYN GIMBLE, KEITH PATE, JOHN SMITH, RONALD PATE, LYNDA HUDSON, FRANK HERMAN MCQUISTION, ANA LOU BOLIN AND DONNA FAYE HILL, APPELLEES*** | § | ***ANGELINA COUNTY, TEXAS*** |

## OPINION

Beulah Y. Grisham, James A. Young, and Jewel (Judy) O'Glee appeal the trial court's revised declaratory judgment. Appellants' sole issue is whether the trial court erroneously construed a will, resulting in an award of the mineral interest at issue to the wrong set of devisees. We reverse and render.

## BACKGROUND

In 1964, E. P. McKnight executed a will following the death of his wife, Anna. McKnight, the testator, died in 1968. Appellants[1] brought a suit for declaratory judgment to have the trial court construe the testator's will, particularly the Seventh and Ninth

---

[1] The appellants, Beulah Y. Grisham, James A. Young, and Jewel (Judy) O'Glee, are the successors in interest to Edna Singletary and J. B. Young, who are named as beneficiaries in the Seventh section of the testator's will.

sections. Appellants contended that they inherited the one-half interest in the mineral estate reserved by the testator and his wife in five hundred acres conveyed to George L. Caton in 1946. According to Appellants, the one-half interest in the mineral estate passed to them under the Seventh section of the testator's will. The Seventh section is as follows:

Seventh

I give, bequeath and devise to Edna Singletary and J.B. Young, share and share alike, all those two certain tracts and parcels of land in the John Durst Grant lying and being situated in Angelina County, Texas, conveyed to E. P. McKnight by deed dated January 18, 1912, of record in Book 34 at page 234 of the Deed Records of Angelina County, Texas, to-wit:

FIRST TRACT: Beginning 945 varas from a hickory tree standing on the North bank of a Bayou and marked I. D. and known as the S. E. corner of a tract of land once owned by Daniel Rawls and I. R. Lewis and on which they had a plantation in 1842, at a post from which a hickory 16″ in dia brs N 55 W 2.2 vrs dist a plum 5″ in dia brs S 12 W 4-9/10 vrs at a point N 55 W on the S W line of the above named tract of land 1609.4 vrs to a post from which a pine 16″ in dia brs N 65 E 12 vrs. dist a post oak 8″ in dia brs N 42 W 5-8/10 vrs;

THENCE North 35 E 3205 vrs to a sassafras tree 5″ in dia marked I. B. a corner post from which a hickory 7″ in dia brs S 56 W 5.2 vrs dist. a Red Oak 2 feet in dia brs S 29 W 8-6/10 vrs dist. on the bank of the Angelina River;

THENCE down the said river with its meanderings to a post so fr that a line running S 45 W will strike the beginning point from which a W 0 10″ in dia brs N 53 W 9-1/10 vrs dist.

THENCE South 35 W 2640 vrs to the beginning, containing eight hundred (800) acres of land, being the same land that was sold by Daniel Rawls and I. R. Rawls (Lewis) to John Bowman January 16, 1843.

SECOND TRACT: Beginning at the same beginning point as above tract;

THENCE South 35 W 701.6 vrs to a post oak from which a Black Jack 8″ in dia brs S 35 W 2 vrs dist;

THENCE North 55 W 1609.4 vrs crossing two bayous to a post from which a hickory 9″ in dia brs N 52 E 9-4/10 vrs dist a Red Oak 3 feet in dia brs N 62 W 10-4/10 vrs dist;

THENCE North 35 E 701.6 vrs to a post on Lewis & Rawls S W line from which a pine 16 in in dia brs N 65 E 12 vrs dist a post oak 8″ in dia N 42 W 5-8/10 vrs dist;

THENCE South 55 E 1609-9/10 vrs crossing a creek to the place of beginning, containing two hundred (200) acres of land;

the said two tracts of land comprising and constituting one thousand (1000) acres of land, more or less, SAVE and EXCEPT from said two tracts of land that certain five hundred (500) acre tract of land conveyed by Anna L. McKnight and husband, E. P. McKnight to George L. Caton, by deed dated July 8, 1946, of record in Vol. 119 at page 378 of the Deed Records of Angelina County, Texas, which said five hundred (500) acre tract of land is described as follows:

> Being five hundred (500) acres of land, more or less, a part of the John Bowman tract of land out of the John Durst League in Angelina County, Texas and being a portion of an eight hundred (800) acre tract purchased by E. P. McKnight and Anna Young McKnight from J. F. Young et al by deed dated January 18, 1912, of record in Book 34 at page 234 of the Deed Records of Angelina County, Texas, said five hundred (500) acre tract being described by metes and bounds as follows:

2

Beginning at a point on the West bank of the Angelina River, the same being the Northeast corner of the 800 acre tract hereinabove mentioned and the same being the Southeast corner of the old Kemp Davidson tract out of the John Durst League, which was owned by J. W. Sessions;

THENCE South 35 W with the N B line of said 800 acre tract a distance of approximately 2000 varas to a Red Oak about 30″ in dia which is the S E corner of an old field formerly owned by Kemp Davidson later owned by J.W. Sessions;

THENCE South 55 E and in a line parallel to the West boundary line of said 800 acre tract a distance of approximately 1609 varas to a point on the South boundary line of said 800 acre tract;

THENCE North 35 E with the South boundary line of said 800 acre tract to a point on the West bank of the Angelina River, the same being the Southeast corner of the said 800 acre tract and the Northeast corner of a tract out of the said Durst League and belonging to Kenneth Miller;

THENCE in a northerly direction with the West bank of said river to the place of beginning, containing five hundred (500) acres, more or less;

it being my intention by this special bequest and devise to give, bequeath and devise to the said Edna Singletary and J. B. Young all interest I have in and to said tracts of land herein described that has not heretofore been sold by Anna Y. McKnight and me.

While Appellants contended that the Seventh section of testator's will supported their position, Appellees[2] argued that the one-half interest in the mineral estate passed to them under the Ninth section of the testator's will. The Ninth section is as follows:

Ninth

I give, bequeath and devise to J. F. Young, Jr. and Ernest Paul Young and James Young and Zuella Yates and Mildred Willey all of the oil, gas and minerals which I may own at my death, wherever the same may be situated, SAVE and EXCEPT the oil, gas and minerals in, on, under and that may be produced from the above described 4.8 acre tract of land given, devised and bequeathed to Ola Shelton and SAVE and EXCEPT the oil, gas and minerals in, on, under and that may be produced from the above described sixty-five (65) acre tract of land given, bequeathed and devised to Zuella Yates and Mildred Willey and SAVE and EXCEPT the oil, gas and minerals in, on, under and that may be produced from the above described real estate and land given, bequeathed and devised by me to Edna Singletary and J. B. Young in paragraph Seventh of this will.

Appellants and Appellees agreed that the testator owned both the surface and mineral estates in all of the real property described in the Seventh section, except the five hundred acres conveyed to George L. Caton in 1946 by the testator and his wife. The parties further agreed that the testator and his wife reserved a one-half interest in the mineral estate in the five hundred acres conveyed to Caton. The issue at trial was who

---

[2] The appellees include James C. Young, who is named as a beneficiary in the Ninth section of the testator's will. Betty Lawrence, Barbara Allen, Laura Jones, Deborah Young, Paula Warren, Suzanne Duncan, Richard Willey, Scott McQuistion, Joy McCue, Marsha Moore, Robert McQuistion, Marilyn Gimble, Keith Pate, John Smith, Ronald Pate, Lynda Hudson, Frank Herman McQuistion, Ana Lou Bolin, and Donna Faye Hill, also appellees, are the successors in interest to J. F. Young, Jr., Ernest Paul Young, Zuella Yates, and Mildred Willey, who are named as beneficiaries in the Ninth section of the testator's will.

3

inherited this one-half interest in the mineral estate reserved by the testator and his wife. Following a bench trial, the trial court found that the reserved one-half interest in the mineral estate in the five hundred acres passed under the Ninth section of testator's will. This appeal followed.

**WILL CONSTRUCTION**

In their sole issue, Appellants argue that the one-half interest in the mineral estate reserved by the testator and his wife in the five hundred acres conveyed to Caton passed under the Seventh section of the will.

**Applicable Law**

In construing a will, the court's focus is on the testator's intent. ***San Antonio Area Found. v. Lang***, 35 S.W.3d 636, 639 (Tex. 2000). This intent must be ascertained from the language found within the four corners of the will. ***Id.*** Determining a testator's intent from the four corners of a will requires a careful examination of the words used. ***Id.*** If the will is unambiguous, a court should not go beyond the will's specific terms in search of the testator's intent. ***Id.*** Whether a will is ambiguous is a question of law for the court. ***Steger v. Muenster Drilling Co., Inc.***, 134 S.W. 3d 359, 373 (Tex. App.–Fort Worth 2003, pet. denied). A will is ambiguous only when the application of established rules of construction leaves its terms susceptible to more than one reasonable meaning. ***Id.*** If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous. ***Id.***

Absent ambiguity, the construction of a will is a matter of law. ***Parker v. Parker***, 131 S.W.3d 524, 530 (Tex. App.—Fort Worth 2004, pet. denied). We review such questions of law de novo. ***Id.*** When reversing a trial court's judgment, the reviewing court should render the judgment that the trial court should have rendered except when remand is necessary. TEX. R. APP. P. 43.3.

**Seventh Section**

The parties to this appeal urge that the testator's will is unambiguous, and we agree. Therefore, we review the testator's will de novo.

In the Seventh section of the testator's will, he described land devised to Singletary and Young by metes and bounds, as two tracts comprising one thousand acres,

4

SAVE and EXCEPT from said two tracts of land that certain five hundred (500) acre tract of land *conveyed* by Anna L. McKnight and husband, E. P. McKnight to George L. Caton, by deed dated July 8, 1946, of record in Vol. 119 at page 378 of the Deed Records of Angelina County, Texas, which said five hundred (500) acre tract of land is described as follows: . . . .(Emphasis added).

It is significant that the testator used the word "conveyed" in this "save and except" clause. To "convey" is to transfer or deliver (something, such as a right or property) to another, especially by deed or other writing. *See* Black's Law Dictionary 383 (9th ed. 2009). The use of the word "conveyed" to refer to the land excepted from the devise to Singletary and Young indicates the testator's intent to except the land that actually passed under the deed to George L. Caton. *See **W.T. Carter & Bro. v. Davis***, 88 S.W.2d 596, 600-01 (Tex. Civ. App.—Beaumont 1935, writ dism'd) (grantor's minerals did not pass under deed describing land as that "conveyed" by prior deed where prior deed "conveyed" surface only). The term "land," in its legal sense, includes minerals in place, whether severed or unsevered. ***Holloway's Unknown Heirs v. Whatley***, 104 S.W.2d 646, 649 (Tex. Civ. App.—Beaumont 1937), *aff'd*, 133 Tex. 608, 131 S.W.2d 89 (1939). It is undisputed that the "land" the testator and his wife "conveyed" to Caton in 1946 was limited to the surface estate of a five hundred acre tract of land and a one-half interest in the mineral estate. Therefore, that is the "land" the "save and except" clause in the will referred to. The one-half interest in the mineral estate reserved by the testator and his wife was, not included in the "save and except" clause.

Further, the testator confirmed his intent at the end of the Seventh section of the will as follows:

it being my intention by this special bequest and devise to give, bequeath and devise to the said Edna Singletary and J. B. Young all interest I have in and to said tracts of land *herein described* that has not heretofore been sold by Anna Y. McKnight and me. (Emphasis added).

By the testator's plain language in this paragraph, he stated his intent to devise all of his interest, including both surface and mineral estates, that he owned in the one thousand acres described in the Seventh section of his will. The interest in the one thousand acres that the testator had not sold included the one-half interest in the mineral estate of the

5

five hundred acres previously reserved by the testator and his wife in the 1946 deed. This one-half interest in the mineral estate was not excluded from the devise by the language of the "save and except" clause. Accordingly, we conclude that the devise in the Seventh section included the one-half interest in the mineral estate reserved by the testator and his wife. Because the devise in the Seventh section included the one-half interest in the mineral estate reserved by the testator and his wife, we conclude that the one-half interest in the mineral estate of the five hundred acres passed to the devisees named in the Seventh section of the testator's will.

**Ninth Section (Mineral Residuary Clause)**

Appellees contend, however, that the Ninth section is meaningless unless the one-half interest in the mineral estate in the five hundred acres passed under that section. We note that, if possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent. *See* ***Steger***, 134 S.W.3d at 372. We must presume that the testator placed nothing meaningless or superfluous in the instrument. *See* ***id.*** Further, where practicable, a latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will. *See* ***id.***

Using this rationale, Appellees argue that this one-half interest in the mineral estate was not part of the specific bequest in the Seventh section, but passed under the Ninth section because the testator would not have put a meaningless clause in his will. We disagree. We conclude that the Ninth section is a mineral residuary clause. The purpose of a residuary clause is to make a complete testamentary disposition of all of the testator's estate so that there is nothing left to pass as intestate property. *See* ***Holliday v. Smith***, 458 S.W.2d 106, 111-12 (Tex. Civ. App.–Corpus Christi 1970, writ ref'd n.r.e.). Here, the testator included a mineral residuary clause in his will in the event he owned mineral interests other than the three he devised in the Sixth, Seventh, and Eighth sections. The testator's purpose is clear because, in the Ninth section, he "save[d] and except[ed]" from passing through that section those mineral interests he previously devised in the Sixth, Seventh, and Eighth sections. Thus, the one-half interest in the mineral estate of the five hundred acres did not pass to the devisees named in the Ninth section of testator's will.

Appellants' sole issue is sustained.

6

## DISPOSITION

Having sustained Appellants' sole issue, we ***reverse*** the judgment of the trial court and ***render*** judgment that the one-half interest in the mineral estate reserved by Anna L. McKnight and E. P. McKnight in a deed to George L. Caton on July 8, 1946, describing five hundred acres of land, passed under the Seventh section of the will, and is owned by Edna Singletary and J. B. Young, or their heirs and/or devisees.


**JAMES T. WORTHEN**

Chief Justice


Opinion delivered October 14, 2009.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J*

.

(PUBLISH)