

**NUMBER 13-10-541-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE INTEREST OF MARY WILSON, DECEASED**

**On appeal from County Court
of Jefferson County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Vela, Perkes, and Hill[1]
Memorandum Opinion by Justice Hill**

Deborah Hargraves Thomas appeals from two orders of the Probate Court of

Jefferson County, one order dated November 18, 2009, which denied probate of the April

---

[1] Retired Second Court of Appeals Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code.  *See* TEX. GOV'T CODE ANN. § 74.003 (West 2005).

26, 2005 will of Mary Wilson, deceased, and an order dated June 6, 2010, denying probate to the June 1, 1995 will of Mary Wilson.[2]   She contends in three issues that:   (1) the trial court erred when, by order dated November 18, 2009, it denied her application to probate the April 26, 2005 will, because the decedent's April 26, 2005 will was executed with all of the requisites to be a valid will; (2) alternatively, the trial court erred when, by order dated June 6, 2010, it ruled that the June 1, 1995 will was revoked by the April 26, 2005 will; and (3) the trial court erred by entering the judgment declaring heirship dated November 17, 2009, and the November 17, 2009 order granting independent administration and authorizing letters of independent administration pursuant to section 145(e) of the Texas Probate Code, because Mary B. Wilson, the decedent, did not die intestate.   *See* TEX. PROB. CODE ANN. § 145(e) (West 2003).   We reverse and remand for further proceedings.

Thomas contends in issue one that the trial court erred when, by order dated November 18, 2009, it denied her application to probate the April 26, 2005 will of Mary Wilson.   The will provides, in pertinent part, as follows:

> That I, **MARY WILSON**, of Jefferson County, Texas, being of sound and disposing mind and memory, realizing the uncertainty of life and the certainty of death, and desiring to make provision for the disposition of such property as I may own at my death, do hereby make and publish this last will and testament, hereby revoking any will or wills I may have made heretofore.

---

[2] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas.   *See* TEX. GOV'T. CODE ANN. § 73.001 (West 2005).

**FIRST:** I direct that my body be burned in a Christian-like manner consistent with my station and condition in life.

**SECOND**: I direct that my hereinafter named Executor pay all of my just debts as soon after my death as is convenient.

**THIRD:** I give to my daughter, **Catherine Wilson**, my homestead to be used as a home. She will be responsible for repairs and maintenance of homestead. In the event, that the homestead *not be desired to live in, she shall make the decision as to the disposition of the* homestead. I also leave to her my 150 acre estate in Louisiana with the condition that the proceeds from the mineral rights be set up as described in point five[.]

**FOURTH:** In the event of my grandson, **James Charles Alderson**, any that would be deemed his portion, is given to his son, James Colton Alderson[.]

**FIFTH:** Proceeds made from mineral rights on the 150 acre estate in Louisiana are to be put in a trust/savings for my great-grandson, **James Colton Alderson**, until he reaches the age of 18[.] If said funds are requested before Colton is age 18, it may be release[d] if Cathy Wilson, my daughter, and Debbie Thomas, Executor are in agreement to release said funds. If he should decease [sic], these funds are to be donated to the Cystic Fibrosis Research[.]

**SIXTH:** In the event of my grandson, **Rance Howard Wilson**, and my great grandson, **Gavin Derrick Wilson**, they will be given an amount deemed fair by my daughter, Cathy Wilson.

**SEVENTH:** I *hereby constitute and appoint **Deborah Hargraves Thomas***, Executor of this my last will and testament, and direct that no bond be required of her as such, and that no action be taken by the Probate Court in the administration of my estate, other than to probate this will and cause an inventory, appraisement[,] and list of claims to be filed.

(bold and italics as in original).

The April 26, 2005 will meets the requisites of a valid will as set forth in section 59

of the Texas Probate Code because it is in writing, signed by Mary Wilson, the testatrix,

3

and witnessed by two witnesses above the age of fourteen. *See* TEX. PROB. CODE ANN. § 59 (West 2003). Angela Jean Danforth, one of the witnesses, testified as to Mary Wilson's execution of the will. In denying probate, the trial court found the will to be invalid, stating that the testator's true intent could not be ascertained from the will. Inasmuch as the will contained the requisites set forth in section 59 of the Texas Probate Court, and because we find that the testator's true intent can reasonably be ascertained in whole or in part, we hold that the trial court erred by finding the April 26, 2005 will to be invalid. *See id.*

Catherine Wilson, the appellee and daughter of the testatrix, contends that the trial court did not err in denying probate to the April 26, 2005 will, even though it is a valid will, because when provisions of the will that are either meaningless or violate the rule of perpetuities are disregarded, she is the only beneficiary under the will and therefore, under the family settlement doctrine, would have the discretion to proceed under an independent administration, rather than probating the will.

We will first consider the appellee's argument that the provision in the will providing that proceeds of the mineral rights from the testator's 150-acre estate in Louisiana be held in a trust for the benefit of the testator's great-grandson, James Colton Alderson, until he reaches the age of eighteen, is in violation of the rule against perpetuities. The rule against perpetuities renders invalid any provision that attempts to create any estate or future interest which by possibility may not become vested within a life or lives in being at

4

the time of the testator's death and twenty-one years thereafter, and, when necessary, the period of gestation. *Henderson v. Moore*, 190 S.W.2d 800, 801 (Tex. 1945).

The April 26, 2005 will bequeaths proceeds from mineral rights to appellee's 150-acre estate in Louisiana to a trust/savings account for the benefit of James Colton Alderson, the testator's great-grandson, to be held until he is eighteen years of age. The will further provides that funds may be withdrawn before Alderson reaches eighteen if both the appellant and appellee agree and that, should Alderson die, the funds will go to "the Cystic Fibrosis Research." Because this bequest would become vested, if it ever vested at all, within a life in being plus twenty-one years, it is not rendered invalid by the rule against perpetuities. *See id.* Contending that this provision is rendered invalid by the rule against perpetuities, counsel for appellee, in oral argument, asserted that there was a possibility that the provision would, in fact, not vest within a life in being plus twenty-one years. We reject this contention because the provision could reasonably be interpreted in such a way that there would not be a possibility of the bequest vesting beyond a life in being plus twenty-one years.

James Colton Alderson is the beneficiary in another provision of the will in which the testator bequeathed to him any portion of the estate deemed to belong to his father. She also bequeathed to her grandson, Rance Howard Wilson, and her great-grandson, Gavin Derrick Wilson, an amount deemed fair by her daughter, the appellee. While these bequests are inartfully worded, we believe these provisions are open to the reasonable interpretation that, should they be living at the time of her death, these named

5

individuals are to receive the bequests noted. Given that the appellee's position is that the trial court did not err because she, as the sole beneficiary under the will, had the option to not probate it even though it was a valid will, her position must fail in view of the fact that she is not the sole beneficiary.

The appellee testified at the hearing on whether the April 26, 2005 will should be probated that there were no proceeds from the mineral rights in the Louisiana property, while the ad litem attorney for James Colton Alderson stated that the appellant had told her that there were, in fact, proceeds. Counsel for the appellee suggested to the trial court that the absence of proceeds at the time of the testator's death would result in the bequest being in violation of the rule against perpetuities. However, inasmuch as the will could be reasonably interpreted in such a way that the bequest would under no circumstances vest beyond the eighteenth birthday of James Colton Alderson, a period which would not fall outside the amount of time referred to in the rule, we fail to see how it is in violation of the rule against perpetuities. We sustain issue one.

The appellant asserts in issue two that the trial court erred when it ruled that the April 26, 2005 will revoked the testator's prior will of June 21, 1995. This is an alternative issue that the appellant presents in the event we overruled issue one. Inasmuch as we have sustained issue one, we need not consider issue two.

The appellant urges in issue three that, in view of the fact that Mary Wilson did not die intestate, the trial court erred by entering the Judgment Declaring Heirship and the Order Granting Independent Administration and Authorizing Letter of Independent

6

Administration. In the instant case, the April 26, 2005 will did not contain a residuary clause and did not dispose of the decedent's entire estate.

We note that the purpose of a residuary clause is to make a complete testamentary disposition of all of the testator's estate so that there is nothing left to pass as intestate property. *See Grisham v. Lawrence*, 298 S.W.3d 826, 832 (Tex. App.—Tyler 2009, no pet.); *Holliday v. Smith*, 458 S.W.2d 106, 111–12 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.). There is a strong presumption against partial intestacy when one has executed a will, but the presumption must yield when the testator, through design or otherwise, has failed to dispose of his entire estate. *See e.g., Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex. 1967); *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960); *Harrington v. Walker*, 829 S.W.2d 935, 937 (Tex. App.—Fort Worth 1992, writ denied); *Renaud v. Renaud*, 707 S.W.2d 750, 751 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.). When any real or personal property has been omitted from a will, the court in which probate proceedings are pending is authorized to determine the decedent's heirs and their respective shares and interests in such property. *See* TEX. PROB. CODE ANN. § 48(a) (West Supp. 2010).

Accordingly, because the April 26, 2005 will did not dispose of the decedent's entire estate and did not contain a residuary clause, the trial court was authorized to determine the decedent's heirs and their respective shares and interests in the estate property that was not disposed of in the will. *See id.* Thus, we must overrule appellant's third issue, in part. However, the Judgment Declaring Heirship contains language

purporting to distribute some of the property that was specifically devised in the April 26, 2005 will insofar as it grants Catherine Wilson "100%" of the decedent's real and personal property. Accordingly, we strike this language from the Judgment Declaring Heirship. Moreover, we have already determined that the April 26, 2005 will was valid and the administration of the decedent's estate should proceed under that will, and thus we reverse the trial court's Order Granting Independent Administration and Authorizing Letter of Independent Administration insofar as it conflicts with the provisions of the decedent's April 26, 2005 will and the administration of the estate as dictated in that will. Appellant's third issue is overruled in part and sustained in part.

We reverse the order of the trial court denying probate to the April 26, 2005 will and remand this cause to the trial court for further proceedings.


JOHN G. HILL
Justice

Delivered and filed the
31st day of August, 2011.